[Civ. No. 9547.   Third Dist.   Jan. 15, 1959.]

RUBY JANE McCARTY, Appellant, v. MACY AND COMPANY (a Partnership) et al., Respondents.

[Civ. No. 9548.   Third Dist.   Jan. 15, 1959.]

EARL FRED TAYLOR, Appellant, v. MACY AND COMPANY (a Partnership) et al., Respondents.

[Civ. No. 9549.   Third Dist.   Jan. 15, 1959.]

RUTH WILSON, Appellant, v. MACY AND COMPANY (a Partnership) et al., Respondents.

[Civ. No. 9550.   Third Dist.   Jan. 15, 1959.]

JOHN P. EDGAR et al., Appellants, v. MACY AND COMPANY (a Partnership) et al., Respondents.

Rawlins Coffman for Appellants.

Stanley Pugh and Pugh & Webster for Respondents.

WARNE, J. pro tem.*—Plaintiffs have appealed from judgments denying injunctive relief in four companion cases.

A general statement of the facts of these cases may be found in *McCarty* v. *Macy & Co.*, 153 Cal.App.2d 837 [315 P.2d 383], and are as follows:

"For many years respondents have operated a grain mill in Red Bluff. The old plant was destroyed by fire in October, 1951, and was replaced by a new one which opened for operation in 1953. Appellants are the owners and occupants of homes in close proximity to respondents' mill. Four separate actions were filed by appellants in which they sought to enjoin the operation of the mill on the ground that the noise and dust therefrom constitute an abatable nuisance and to recover damages. The four cases were consolidated for trial, and apparently by stipulation of the parties the issue as to whether appellants were entitled to damages was expressly reserved for separate trial before a jury, and the court proceeded to try the equitable issue presented by the pleadings. At the

*Assigned by Chairman of Judicial Council.

conclusion of the trial the court adopted findings of fact and conclusions of law in each case, finding in substance that there was some noise and dust from the plant but not sufficient to interfere with the rest or peace of mind of persons of normal health, condition and sensibilities; that appellants' properties had not substantially depreciated in value as a result of respondents' operation; and that the issue of damages having been reserved for determination by the jury at a separate trial the court made no determination on that issue. On the basis of the facts found the court concluded that the plaintiffs had plain, speedy and adequate remedies at law; that there had not been shown sufficient cause for injunctive or other equitable relief; that such relief should be denied and that the several plaintiffs should be allowed to pursue their remedies at law if so advised. The court stated that immediately following the conclusion of trial of issues of law or abandonment of such issues, then judgment would be entered denying equitable relief.''

Following the determination of the former appeal, appellants in the four companion cases moved the court for leave to amend their complaints by abandoning the claim for money damages set forth therein by striking therefrom those portions relating to alleged damages. The motions were granted and judgments were then entered denying appellants injunctions or other equitable relief.

Appellants contend that the findings are unsupported by and are contrary to the evidence. There is no merit in this contention. The record shows that 12 disinterested witnesses testified for respondents. Eleven of them were people either residing or working in the immediate vicinity of the respondents' plant. All of them testified that little or no dust or noise or other disturbance emanated from respondents' plant at any time. Their testimony was in direct contradiction to that of the appellants and their witnesses. ▮ When two or more inferences can reasonably be deduced from the facts the reviewing court is without power to substitute its deductions for those of the trial court. The weight and effect of the evidence was a matter for the trial court to determine. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427 [45 P.2d 183].)

Appellants contend that under the pleadings they were entitled to a full and express finding as to whether they suffered damage. We do not agree with appellants for the reason that appellants have eliminated from this action the question as to what damages they actually suffered, if any. ▮ As

hereinabove stated, the trial court found, in substance, that there was some noise and dust from the plant, but not sufficient to interfere with rest or peace of mind of persons of normal health, condition and sensibilities and with reference to the appellants' real property specifically found "that plaintiffs' said real property has not depreciated materially, *if at all*, in rental or sale value or otherwise. It is true that there are numerous residences in the vicinity of defendants' plant, but it is also true that both said plant and plaintiffs' home and premises are located immediately adjacent to the railroad right of way of Southern Pacific Company, and that the area in which defendants' said plant and plaintiffs' home are located is to a large extent used for commercial and business purposes and has been so used continuously for many years." (Italics ours.) We are of the opinion that the findings are amply sufficient on the issue of damages in so far as appellants' rights to injunctive relief are concerned.

The following excerpt taken from the case of *Frost* v. *City of Los Angeles*, 181 Cal. 22, 31-32 [183 P. 342, 6 A.L.R. 468], is applicable to the instant case:

". . . 'When an injunction to restrain a nuisance will produce great public or private mischief, a court of equity is not bound to grant it merely for the purpose of protecting a technical unsubstantial right.' (2 Beach on Injunctions, § 1067.) 'The court may properly be guided by the consideration of the relative convenience of the parties; and if it appears that the benefit resulting to the plaintiff from the granting of the writ will be slight as compared to the injury to the defendant, the relief may be denied and the plaintiff left to the pursuit of his remedy at law.' [Citing cases.]."

The trial court having found that there was some noise and dust from the plant, but not sufficient to interfere with rest or peace of mind of persons of normal health, condition and sensibilities, and that appellants' real property has not depreciated materially, if at all, in rental or sale value or otherwise it is obvious that any benefit resulting to the appellants from the granting of the writ would be slight as compared to the injury to the respondents. Consequently, appellants should be left to pursuit of their remedy at law.

Further, as stated by the Supreme Court in the case of *Anderson* v. *Souza*, 38 Cal.2d 825, 843-844 [243 P.2d 497]:

". . . 'Contiguous property owners must to a reasonable degree yield their desired privacy to the general welfare which

168

is contributed to by the operation of legitimate business. Were it not so, railroads could not operate near residences, and factories could not be established without the necessity of purchasing prohibitively large areas of property. That reasonable inconvenience must be suffered by owners whose holdings are contiguous to commercial enterprises is too well decided to require citation of authorities.' "

The judgments are affirmed.

Van Dyke, P. J., and Peek, J., concurred.