[Department Two. — April 18, 1883.]

JOHN O'KANE, Respondent, *v.* JAMES DALY et al., HIBERNIA SAVINGS AND LOAN SOCIETY, Appellant.

Appeal—Service of Notice—Dismissal. — The plaintiff brought this suit to be discharged from a trust under an assignment for the benefit of creditors. The Hibernia Savings and Loan Society, several other creditors, and the assignors were made defendants. The Hibernia Savings and Loan Society and some others denied certain allegations of the complaint, and asked that the assignment be declared void. The assignors and several of the defendants consented to a judgment discharging the plaintiff. The Hibernia Savings and Loan Society appealed, and served the notice on the plaintiff alone, who moved to dismiss the appeal. *Held*, that the motion should be granted for want of service of the notice of appeal on each of the parties interested in the judgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Respondent moved to dismiss the appeal on the ground that no proper service of the notice of appeal had been made. The facts are stated in the opinion of the court.

*Edward P. Cole,* for the motion.

The notice of appeal not being addressed to any of the other defendants, and not being served on them of course does not give this court jurisdiction to determine any question in the judgment in which they are interested, or by which they may be affected. Daly and Hawkins have an interest in the validity of this assignment; this makes them adverse parties. (§§ 938, 940, Code Civ. Proc.)

All the defendants are interested in who shall be assignee. They are interested in the costs. Every party whose interest in the subject-matter of the appeal is adverse to, or will be affected by the reversal or modification of the judgment, is an adverse party, whether he is plaintiff or defendant. (*Senter* v. *Bernal,* 38 Cal. 640; *Cotes* v. *Carroll,* 28 How. Pr. 446; *Hiscock* v. *Phelps,* 2 Lans. 118; *Thompson* v. *Ellsworth,* 1 Barb. Ch. 627.)

*Tobin & Tobin, contra.*

THORNTON, J.—This action is brought by O'Kane to be discharged from a trust under an assignment made to him as assignee by Daly and Hawkins for the benefit of creditors, under the provisions of the Civil Code. Several of the creditors were made parties defendant, among others the Hibernia Savings and Loan Society. Daly and Hawkins were also made defendants.

The society above named answered, denied several allegations of the complaint, and among other matters alleged that the assignment to O'Kane was void, and asked that it be so adjudged. Mary and Jane O'Meara also in their answer asked that the assignment be adjudged null.

Daly and Hawkins and several other defendants consented that a judgment should be entered discharging the assignee

from the trusts of the assignment, and in accordance with the prayer of complaint. The society and the O'Mearas did not join in this consent. Judgment was rendered and entered in favor of plaintiff, discharging him from the trusts above mentioned. The judgment embraced other matters not necessary to be here mentioned. The Hibernia Savings and Loan Society alone prosecutes this appeal.

A motion is made by counsel for respondent O'Kane to dismiss this appeal, on the ground that no proper service of notice of appeal has been made. The notice of appeal was served on plaintiff alone.

We are of opinion that the co-defendants of the appellant were all interested in the judgment, and would be affected by its reversal, and by consequence the notice of appeal should have been served on each of them. (*Senter* v. *Bernal*, 38 Cal. 640; *Hiscock* v. *Phelps*, 2 Lans. 118; *Cotes* v. *Carroll*, 28 How. Pr. 446; *Thompson* v. *Ellsworth*, 1 Barb. Ch. 627.)

The only appeal attempted to be taken in the case is from the judgment, and as such appeal was not properly taken, we cannot consider any one of the various orders to which our attention has been called, no one of them being appealable.

The motion to dismiss the appeal must be granted. So ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.