CANDELAS, PLAINTIFF AND RESPONDENT, *v.* RAMÍREZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an action for support of children.

MOTION of respondent to dismiss the appeal.

No. 1052.—Decided January 15, 1914.

APPEAL—ADVERSE PARTY.—For the purposes of an appeal the term "adverse party" does not include all persons who have been parties to the suit in the court *a quo,* but only those who would be affected by a reversal or modification of the judgment appealed from.

ID.—SERVICE ON CO-DEFENDANT—NOTICE OF APPEAL.—An action for support having been brought against the father and the paternal grandmother of

the children, notice of the appeal taken by the latter should be served on the co-defendant father, because her obligation to furnish the support being subsidiary to that of the father, the reversal or modification on, appeal of the judgment would affect the latter.

ID.—SERVICE OF NOTICE OF APPEAL.—Failure to serve notice of appeal on the adverse party is ground for the dismissal of the appeal.

The facts are stated in the opinion.

*Mr. Herminio Díaz Navarro* for appellant Carmen Ramírez.

*Mr. C. Domínguez Rubio* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The respondent filed a motion for the dismissal of the appeal in this case and we left our ruling thereon pending until after the hearing on the appeal. The hearing has been held and therefore the first question to be decided is whether or not the dismissal of the appeal should be granted.

The ground of the motion for dismissal is that the appellant failed to serve notice of her appeal on her co-defendant, Juan Guiot.

It appears from the record that the plaintiff seeks to recover an allowance for the support of her children and that in an action prosecuted against their father, Juan Guiot, and their paternal grandmother, Carmen Ramírez, the lower court rendered judgment against the latter for an allowance for the support of her grandchildren. The grandmother appealed and it appears from the record that notice of the appeal was served on the attorney for the plaintiff only. Therefore, the question to be decided now is whether it was necessary to serve notice on the co-defendant, Juan Guiot, because, if so, the appeal was not perfected and we cannot consider it. *Whipley* v. *Miller,* 9 Cal., 641; *Beets* v. *Chart,* 79 Cal., 185; and *Lancaster* v. *Maxnel,* 103 Cal., 67.

Section 296 of the Code of Civil Procedure provides that in appeals to the Supreme Court notice thereof shall be filed with the secretary of the lower court and served on the adverse party or his attorney. This notice is likewise required by section 940 of the Code of Civil Procedure of Califronia,

the Supreme Court of which State has construed "adverse party" in the sense that it does not include all persons who have been parties to the suit in the court *a quo,* but only those who would be affected by a reversal or modification of the judgment appealed from. *O'Kane* v. *Daly,* 63 Cal., 317; *Milikin* v. *Houghton,* 75 Cal., 540, and cases cited therein.

In accordance with the construction in said decisions of the expression "adverse party," as used in law, which construction we consider correct for the reason that if the rights of any of the litigants would not be affected by the judgment rendered on appeal, the appeal is of no importance to them and notice to them is unnecessary, what we have to decide is whether Juan Guiot is or is not an adverse party in this appeal.

There is no doubt that if the children of the plaintiff-respondent are in need of support in the sense in which this word is used in law, the obligation of supplying the same falls, in the first place, on the parents, and that the grand-mother is required to fulfil this duty only in case of the inability of the parents to do so. Therefore, the obligation of the grandmother is subsidiary, in accordance with section 214 of the Revised Civil Code, and for that reason, as the judgment appealed from can be reversed by us on the ground that the appellant is under no obligation to furnish support to her grandchildren unless it is shown that the father is without means to fulfil that duty, our reversal would affect him because in that case it would be equivalent to holding that the defendant who was not served with notice of the appeal should be adjudged to furnish the support. For this reason we reach the conclusion that he was an adverse party in the prosecution of this appeal and that in not serving notice upon him the law has not been complied with and the appeal is imperfect, for which reason it should be dismissed.

While it is true that the judgment of the lower court contains nothing regarding Juan Guiot, for it neither absolves nor condemns him although he was a party to the suit, yet,

not only does the decision itself establish the fact that the said defendant is insolvent, but the judgment against the grandmother, her obligation being subsidiary to that of her co-defendant, carries with it a judgment in favor of the latter.

As the appeal should be dismissed for the foregoing reasons, we cannot consider the grounds on which it is based.

The appeal should be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.