GALAFAR, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF MORALES, DEFENDANT AND RESPONDENT.

Appeal from the District Court of Arecibo in an Action of Filiation.

No. 1233.—Decided May 19, 1915.

APPEAL—ADVERSE PARTY—NOTICE OF APPEAL—DEFAULT.—An adverse party in a suit, although adjudged in default, is entitled to notice of appeal, pursuant to section 296 of the Code of Civil Procedure.

ID.—ADVERSE PARTY.—The term "adverse party" referred to in section 296 of the Code of Civil Procedure, which is similar to section 940 of the California Code, does not include all persons who have been parties to the suit in the court *a quo,* but only those who would be affected by a reversal or modification of the judgment appealed from.

ID.—FILIATION—ADVERSE PARTY.—The present action was brought against a succession to obtain a judgment declaring the plaintiff to be an acknowledged daughter with all the rights to which she is entitled as such. One of the defendants composing the succession did not answer the complaint and default was entered against her. *Held:* That the party in default was an adverse party in the action and would be affected by a judgment reversing the judgment of the lower court in the same manner as the other defendants.

The facts are stated in the opinion.

*Messrs. A. J. Amadeo* and *A. Malaret* for the appellant.

*Mr. Herminio Miranda* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action brought by Bernarda Galafar, represented by her mother, Andrea Galafar Milián, under the direction of Attorney José R. Díaz, against the Succession of Froilán Morales Ruiz, composed of his brothers and sisters Florentino, Delfina, Jorge, Estebanía and Pantaleona Morales Ruiz and of his nephews and nieces Eugenio, Aurelio, Leonardo, Julio, Demetria Jesús, Filomena and Rosa Morales, the nephews and nieces being the children of his deceased brother, Liborio Morales Ruiz, to obtain a judgment declaring the plaintiff to be the acknowledged daughter of Froilán Morales Ruiz with all the rights to which she is entitled as such.

All the said defendants named, with the exception of Estebanía, answered the complaint through Attorney Herminio Miranda. Although Estebanía Morales Ruiz was summoned she did not appear and answer the complaint and upon motion of the plaintiff default was entered against her.

After the trial and on April 13, 1914, the court rendered judgment dismissing the complaint with costs against the plaintiff and from that judgment the attorney for the plaintiff appealed to this court by filing a notice of appeal with its secretary and serving a copy of the said notice on Herminio Miranda, the attorney for the defendants.

It does not appear that the said attorney or any other has entered appearance for Estebanía Morales since default

was entered against her; moreover, Estebanía Morales herself testified when called as a witness that although she had been made a party defendant in this case she did not answer the complaint because she acknowledged Bernarda Galafar as her niece and knew that she was the daughter of her brother Froilán. Furthermore, José R. Díaz, attorney for the plaintiff, stated that he sent by registered mail to Herminio Miranda, attorney for the other defendants, an exact copy of the transcript of the record, duly certified to by him as attorney for the appellant, and said attorney Miranda drew up his brief in opposition to the appeal in behalf of the respondents whom he represented without making any mention of Estebanía.

As will be seen, notwithstanding the fact that the plaintiff knew Estebanía Morales, the defendant in default, and that she had been summoned when the action was begun, she was not served with notice of the appeal. It does not appear from the record that she was represented at the trial by Attorney Miranda who appeared for the other defendants. Moreover, in answering the complaint Attorney Miranda himself omitted Estebanía and she testified at the trial that she did not answer the complaint because she admitted the rights of the plaintiff.

Estebanía was an adverse party to the suit and was entitled to notice of the appeal, pursuant to section 296 of the Code of Civil Procedure which provides that "An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney." Section 940 of the Code of Civil Procedure of California contains a similar provision and in the case of *Candelas* v. *Ramírez et al.*, 20 P. R. R., 31, we said that the Supreme Court of that State has construed "adverse party" in the sense that it does not include all persons who have been parties to the suit in the court *a quo*, but only

those who would be affected by a reversal or modification of the judgment appealed from. *O'Kane* v. *Daly,* 63 Cal., 317; *Millikin* v. *Houghton,* 75 Cal., 540, and cases cited therein.

Estebanía Morales would be affected by a judgment reversing the judgment of the lower court in the same manner as the other defendants. It is possible that as the judgment appealed from was actually favorable she might have contended for its affirmance, notwithstanding her testimony at the trial, if she had been served with notice of the appeal.

In support of this doctrine we cite the case of *Candelas* v. *Ramírez et al., supra,* and also the cases of *Rondón* v. *Mollfulleda,* 16 P. R. R., 164; *Andujar et al.* v. *Alonso,* 17 P. R. R., 410, and *Martínez* v. *Succession of Laurido,* 21 P. R. R., 29.

For the reason that notice of the appeal was not served on one of the interested defendants, the appeal should be dismissed without considering the grounds upon which it is based.

*Appeal dismissed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.