[No. E025547. Fourth Dist., Div. Two. July 25, 2000.]

BISHOP CREEK LODGE et al., Plaintiffs and Appellants, v.
RONALD S. SCIRA et al., Defendants and Respondents.

Law Offices of Paul S. Rudder and Laura M. Hagan for Plaintiffs and Appellants.

Joseph Di Giulio for Defendants and Respondents Ronald and Donna Scira.

Lampi, Gephart & Silverman and Randall L. Gephart for Defendants and Respondents Charles and Joyce Hernandez.

**OPINION**

**RICHLI, Acting P. J.**—In this action, plaintiff Bishop Creek Lodge (Bishop Creek) seeks to enforce a restrictive covenant against its neighbors, Ronald S. and Donna Scira. Alternatively, in the event the covenant is not enforceable, Bishop Creek seeks damages for breach of contract and/or fraud from Charles and Joyce Hernandez, who sold it the real property to which the right to enforce the covenant allegedly attached, as well as from the Sciras as the Hernandezes' conspirators.

The action has been before this court before; it gave rise to our partially published opinion in *Bishop Creek Lodge v. Scira* (1996) 46 Cal.App.4th 1721 [54 Cal.Rptr.2d 745]. At that time, we reversed a jury verdict in favor of Bishop Creek on its causes of action for breach of contract and for fraud. In the unpublished portion of our opinion, we also strongly suggested that on remand the trial court should try the equitable issues first before it submitted the legal issues to a jury.

The trial court dutifully followed our suggestion. After a bench trial on the equitable issues, it ruled that Bishop Creek was not entitled to equitable

relief. It explained that the Hernandezes had divested themselves of the covenant (essentially, by selling it to the Sciras) before they sold the underlying real property to Bishop Creek, and that Bishop Creek had constructive notice that the covenant had been sold. It left open the possibility, however, that, after a jury trial on the legal issues, Bishop Creek might be entitled to damages.

■ Bishop Creek appeals. We have concluded, however, that we must dismiss the appeal. The rule is well established that an interlocutory order denying a permanent injunction is not appealable. Although the reasons for the rule are somewhat less well established, we are convinced that there are good reasons for it and that it applies in this case.

I

APPEALABILITY

Pursuant to rule 13 of the California Rules of Court, Bishop Creek's opening brief includes a statement of appealability. In it, Bishop Creek contends the challenged order is appealable as "an order . . . refusing to grant . . . an injunction." (Code Civ. Proc., § 904.1, subd. (a)(6).) Defendants do not contend, in so many words, that the order is not appealable; the Sciras do argue, however, that Bishop Creek "is entitled to no relief until the legal issues . . . are adjudicated." (Emphasis omitted.)

The statutory provision which Bishop Creek cites applies exclusively to an order refusing to grant a *preliminary* injunction. An order refusing to grant a *permanent* injunction is not appealable unless and until it is embodied in a final judgment. (*Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645-651 [4 Cal.Rptr.2d 689]; *McCarty v. Macy & Co.* (1957) 153 Cal.App.2d 837, 839-841 [315 P.2d 383]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1999) ¶¶ 2:128.1, 2:129, pp. 2-58 to 2-59; Cal. Civil Appellate Practice (Cont.Ed.Bar 3d ed. 2000) § 3.36, p. 141; see also *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 735, 740-741 [29 Cal.Rptr.2d 804, 872 P.2d 143] [sub silentio].)

The rationale for this rule is not entirely clear. One court has reasoned that a preliminary injunction requires an exception to the final judgment rule because it cannot be reviewed in an appeal from the final judgment. "A plaintiff denied permanent injunctive relief, on the other hand, suffers no

immediate harm, and the denial of injunctive relief may be more easily reviewed in conjunction with the final judgment." (*Art Movers, Inc. v. Ni West, Inc., supra*, 3 Cal.App.4th at p. 647 [Second Dist., Div. Five].) A second court has reasoned that there is a nonstatutory one-final-judgment rule, which gives an appellate court discretion to refuse to hear an appeal, even from a statutorily appealable order, except when "inflexible application of the nonstatutory rule would produce inutility or hardship." (*Guntert v. City of Stockton* (1974) 43 Cal.App.3d 203, 208 [117 Cal.Rptr. 601] [Third Dist.].) Yet a third court has held that an interlocutory order *granting* a permanent injunction is appealable because it is sufficiently final; it agreed, however, that an interlocutory order *denying* a permanent injunction should not be appealable, because the denial itself cannot be said to be final until the eventual entry of a final judgment. (*Western Electroplating Co. v. Henness* (1959) 172 Cal.App.2d 278, 282-284 [341 P.2d 718] [Second Dist., Div. One]; see also *Brown v. Memorial Nat. Home Foundation* (1958) 158 Cal.App.2d 448, 457 [322 P.2d 600, 72 A.L.R.2d 997] [Second Dist., Div. Two].)

We would be reluctant to suggest that, when a permanent injunction is *granted*, the litigant who is under the burdens of the injunction cannot appeal until final judgment. Indeed, it would seem that the very permanence of the injunction should militate in favor of, rather than against, an immediate appeal. We would also be reluctant to hold that we have "nonstatutory" discretion to disregard a statutory command. We therefore believe the appropriate rationale is that a trial court may revisit its decision to deny a permanent injunction at any time until final judgment. (See *Darling, Hall & Rae v. Kritt* (1999) 75 Cal.App.4th 1148, 1155-1157 [89 Cal.Rptr.2d 676] [trial court has inherent power to reevaluate its own interim rulings].) Thus, the interlocutory denial of a permanent injunction is not a sufficiently definitive "order refusing to grant an injunction" within the meaning of Code of Civil Procedure section 904.1, subdivision (a)(6).

Here, the trial court did rule that "[Bishop Creek] is not entitled to equitable relief." At the same time, however, it recognized that further proceedings were necessary to determine whether Bishop Creek was entitled to damages. Thus, "th[is] order[] w[as] not intended to be the effective embodiment[] of the court's denial of relief. [It was] intended solely as [an] informative indication[] with respect to the content of one aspect of a judgment to be rendered upon completion of a half-finished trial." (*Brown v. Memorial Nat. Home Foundation, supra*, 158 Cal.App.2d at p. 457.)

We conclude that the appeal must be dismissed.

## II

## DISPOSITION

The appeal is dismissed. Defendants shall recover costs on appeal against Bishop Creek.

Ward, J., and Gaut, J., concurred.