Filed 1/26/16  P. v. Joseph H. and Suzanne H. CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH H. and SUZANNE H.,<br><br>    Defendant and Appellant. | 2d Crim. No. B261312<br>(Super. Ct. No. 2011031422, 2012002976)<br>(Ventura County) |

Joseph H. and Suzanne H. appeal from a November 14, 2014  order denying their motion to enjoin the collection of support costs for the care and maintenance of their adopted son C.J. at a county detention facility.  (Welf. & Inst. Code, § 903, subd. (a).)[1]  The trial court denied injunctive relief and reduced the outstanding balance from $1,960.50 to $1,480.50.   We affirm.

*Facts & Procedural History*

Appellants are the grandparents of C.J. and adopted him after the parental rights of his biological parents were terminated.  (§ 366.26.)  In 2011, a

---

[1] All statutory references are to the Welfare & Institutions Code unless otherwise stated.  Section 903, subdivision (a) provides: "The father, mother, spouse, or other person liable for the support of a minor . . . shall be liable for the reasonable costs of support of the minor while the minor is placed, or detained in, or committed to, any institution . . . pursuant to an order of the juvenile court."

second amended juvenile wardship petition was filed alleging theft (four counts), loitering, public intoxication, auto tampering, and battery. (Ventura County Super. Ct., Case No. 2011031422.) C.J. admitted one count of petty theft (Pen. Code, § 484, subd. (a)) and admitted tampering with Joseph's[2] vehicle (Veh. Code, § 10852). C.J. was declared a ward of the court, ordered to serve 16 days with credit for time served, and granted probation. The trial court found that appellants did not have to pay for C.J.'s detention ($30 a day) because of a victim's exemption. (§ 903, subd. (e).)[3] The November 1, 2011 minute order stated: "Any further collection of costs for prior/future detentions of the minor is to cease."

On January 25, 2012, a new wardship petition was filed for commercial burglary of a Kohls department store. (Ventura County Super. Ct., Case No. 2012002976.) On February 17, 2012, C.J. admitted the Kohls burglary. The trial court continued C.J.'s wardship and ordered him to serve 90 days with 42 days credit for time served. Appellants were ordered to reimburse County for C.J.'s care and maintenance, providing they had the financial ability to do so. (§ 903, subds. (a) & (c).)

In April 2014, the Franchise Tax Board intercepted appellants' $928 income tax refund pursuant to an Interagency Intercept Collection Program request by the Ventura County Superior Court Collections Unit. (Gov. Code, §§ 12419.2; 12419.8.) Appellants brought a motion for injunctive relief and prayed that the Franchise Tax Board "be restrained and enjoined from further intercepts. . . ."

---

[2] We sometimes refer to appellants by their first names for the reader's convenience.

[3] Section 903, subdivision (e) provides: "Notwithstanding subdivision (a), the father, mother, spouse, or other person liable for the support of a minor shall not be liable for the costs of support of that minor while the minor is temporarily placed or detained in any institution or other place pursuant to Section 625 or is committed to any institution or other place pursuant to an order of the juvenile court, if the minor is placed or detained because he or she was found by the court to have committed a crime against that person. . . ."

2

Appellants argued that the order in first case (No. 2011031422) exempted them from paying C.J.'s support costs. The trial court found that section 903, subdivision (e) exempted appellants from having to pay $480 in the first case (No. 2011031422) but not the detention costs in the Kohls burglary (No. 2012002976). The detention/support costs totaled $2,848. Deducting $928 for the tax intercept and $480 that was improperly assessed in the first case, the trial court found that the balance owed was $1,480.50. This appeal followed.

*Suzanne - Notice of Appeal*

The Attorney General argues that Suzanne should be dismissed from the appeal because the notice of appeal was not signed by Suzanne. (Cal. Rules of Court, rule 8.405(a)(2).) Joseph is a licensed attorney and signed the notice of appeal on behalf of "petitioners," i.e., Joseph and Suzanne. We liberally construe the notice of appeal to include Suzanne who is jointly and severally liable for the support costs. (§ 903, subd. (a); see e.g., *Luz v. Lopes* (1960) 55 Cal.2d 54, 59.)

*Franchise Tax Board*

The Attorney General argues that the appeal should be dismissed because the notice of appeal was not served on the Franchise Tax Board (FTB) which is an affected party. (See *O'Kane v. Daly* (1883) 63 Cal. 317, 319.) Appellants' motion for injunctive relief states: "The FTB takes the position that is has no claim on an intercept and is not a party to the litigation. Notice of request [will] be sent to the FTB with an acceptable response time to allow for corrections they may request."

The record reflects that the moving papers and notice of hearing were not served on the FTB even though appellants sought an injunction permanently enjoining the tax intercepts. That portion of the order denying injunctive relief is not appealable because "an order refusing to grant a *preliminary* injunction is not appealable unless and until it is embodied in a final judgment. [Citations.]" (*Bishop Creek Lodge v. Scira* (2000) 82 Cal.App.4th 631, 633; see *Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 650 [court on its own motion must dismiss an appeal from a nonappealable order].)

3

Appellants argue that the reimbursement orders violate due process and equal protection principles but appellants did not appeal the orders. The injunction motion concedes that "[a]ll appeal periods have elapsed form the above orders. In essence, this motion is made to enforce a final judgment made by the court and is res ajudicata [sic.]" Appellant are precluded from collaterally attacking reimbursement orders long after they become final. (See e.g., *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 662-663.) Nor is it a due process or equal protection violation for a juvenile court to order the minor's parent or guardian to pay the cost of supporting the child while confined as a ward of the court. (*County of Los Angeles v. Ralph V.* (1996) 48 Cal.App.4th 1840, 1847.) Section 903 "only enforces the preexisting parental obligation of support, and does not entitle the county to assess parents for more than their own obligations or the county's constitutionally permissible reimbursement." (*Id.*, at p. 1847.)

Appellants complain there was no determination by a county financial evaluation officer that they have the financial ability to pay support costs. Section 930.45, subdivision (a) provides: "The board of supervisors may designate a county financial evaluation officer pursuant to Section 27750 of the Government Code to make financial evaluations of liability for reimbursement pursuant to Sections 207.2, 903, 903.1 . . . ." Appellants claim that County of Ventura does not have a financial evaluation officer but that does not forfeit county's statutory right to reimbursement for C.J.'s support and maintenance. Section 903.45, subdivision (c) affords appellant a remedy: "At any time prior to the satisfaction of a judgment entered pursuant to this section, a person against whom the judgment was entered may petition the rendering court to modify or vacate the judgment on the basis of a change in circumstances relating to his or her ability to pay the judgment."

Appellants do not contend that they lack the financial ability to pay. The trial court found that the detention fees totaled $2,888.50 and deducted $928 for the tax intercept, which left a balance of $1,960.50. Because the $480 assessment in Case Number 2011031422 was subject to a victim's exemption, the trial court found that

4

only $1,480.50 is due and owing. Appellants make no showing that the trial court made a computational error or abused its discretion in denying injunctive relief.

The judgment is affirmed. Appellants are to pay costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Joseph A. Hackett, for Appellants.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.