Filed 12/2/24  Hoffman v. Minahen CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RAY HOFFMAN, III, as Trustee of the Ray Hoffman III 2013 Revocable Trust,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WILLIAM MINAHEN, et al.,<br><br>        Defendants and Respondents. | A169725<br><br>(Marin County<br>Super. Ct. No. CIV2104100) |

This case concerns disputes between neighboring landowners over an access easement burdening property owned by plaintiff Ray Hoffman, III (plaintiff).  Plaintiff filed a complaint for declaratory and injunctive relief against his neighbors and easement holders, defendants William Minahen and Kimberly Minahen (when referred to collectively, defendants), alleging defendants were not entitled to use the easement to access an accessory dwelling unit (ADU) they were building on their property.  Defendants then filed a cross-complaint asserting various causes of action based on plaintiff's construction of improvements allegedly encroaching upon the easement and failure to adequately maintain the easement.  Plaintiff in turn filed a cross-complaint seeking among other things to quiet title to the areas occupied by his improvements.

1

Following a bifurcated court trial on the complaint, the trial court issued a statement of decision and entered a judgment in defendants' favor. Plaintiff appeals, contending the trial court misinterpreted the scope of the easement. Defendants argue this appeal must be dismissed because the judgment is not final and not appealable and, in any event, plaintiff's arguments fail on the merits. We agree with defendants that the judgment is not final and not appealable, and we therefore dismiss the appeal.[1]

## BACKGROUND

### The Facts

Plaintiff and defendants own and reside in neighboring parcels of land and single-family homes in San Rafael. Access to defendants' landlocked property is provided by an easement on plaintiff's property, which was granted to defendants' predecessors in interest through a series of agreements.

Specifically, in 1957 Harry and Rose Albert, Paul and Mary Fair Marrin, and F. Somers and Helen Peterson—three couples who owned neighboring properties on Fairway Drive in San Rafael—entered into the "Grant of Easements and Agreement" (the Original Grant). Each couple granted an easement "for roadway and public utility purposes" over the portion of their property traversed by the right of way described in the

---

[1] We note that both parties requested oral argument in response to a notice sent by this court's clerk, as a matter of course, when the appeal was fully briefed. A party's right to oral argument exists in any appeal " 'considered on the merits and decided by a written opinion.' " (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254–1255.) Because we dismiss this appeal without reaching the merits, the parties are not entitled to oral argument, which we find in this instance to be unnecessary to our procedural dismissal of this appeal.

agreement—the Alberts granted an easement to the Marrins and Petersons; the Marrins granted an easement to the Alberts and Petersons; and the Petersons granted an easement to the Marrins. The easement[2] runs from Fairway Drive over the Albert and Marrin properties, and then the Peterson property.

At that time, the Peterson property consisted of two parcels of undeveloped land. Under paragraph 5 of the Original Grant, the Petersons agreed that their use of the easement "shall at all times be limited to use by *no more than one residential unit* on each of the Peterson properties." (Italics added.)

In 1965, the Alberts, Marrins, and Petersons entered into the "Amendment to Grant of Easements and Agreement" (the Amendment). They agreed to amend paragraph 5 of the Original Grant to state in pertinent part: "Peterson understands and agrees that the use of the right of way for roadway and public utility purposes is intended, and shall at all times be limited, to use *by not more than two residential units on the two parcels of land* hereinbefore referred to as the Peterson property." (Italics added.)

Also in 1965, the Marrins and Petersons created a new parcel between their properties through a lot line adjustment. Robert and Mary Liles (defendants' predecessors in interest) purchased this new parcel.

At some point not apparent in the record, the Alberts constructed a driveway on the easement and made improvements on the left side of the driveway.

In 1978, plaintiff acquired the property owned by the Alberts and has since resided there. Over the years, plaintiff made additional improvements

---

[2] We will refer to the easements, collectively, as the easement.

3

to those previously made by the Alberts. Plaintiff also constructed a retaining wall on the uphill side of the driveway running across his property, a portion of which is within the easement.

In the early 1980's, a single-family home was built on the Peterson property.

Around this time, a dispute arose between the Lileses and plaintiff regarding "whether or not the Liles parcel may enjoy the benefits and burdens of the Original Grant and whether or not the owners of the Liles parcel may be consistent with the Original Grant construct a single-family home thereon which makes use of the easement for roadway and public utility purposes." A lawsuit ensued, and in 1981 plaintiff, the Lileses, and other neighbors who succeeded to rights to the easement, entered into the "Grant of Easement and Settlement Agreement" (the 1981 Settlement Agreement). One of the "recitals" states, "The parties desire to settle [their] dispute by means of a grant of easement to the Liles, and their successors and assigns, . . . and an acknowledgement of their right to construct a single-family home on the Liles parcel." In paragraph 1, plaintiff agreed to grant the Lileses and their successors the right to use the easement. Paragraph 2 then states: "The above-described grant of easement shall be subject to the various conditions and burdens set forth in the Original Grant, as well as to the terms and conditions hereinafter set forth."

In 1987, William Minahen's father purchased the property from the Lileses. In 1989, a single-family home was constructed on that property. In 2008, defendants became owners of that property and currently reside in the single-family home.

In around 2019, through a settlement of a lawsuit between plaintiff and a successor of the Marrin property, plaintiff obtained a lot line adjustment,

4

resulting in him acquiring ownership of all the land on which the easement runs.

On September 14, 2021, plaintiff, through counsel, sent a letter to the Marin County Community Development Agency. According to that letter, plaintiff had recently learned that defendants had applied to build an ADU on their property. The letter stated plaintiff's objections "to the addition of another residence on the [defendants'] property on the basis that the parcel is landlocked, and has, as it [*sic*] sole means of access, a *limited* access easement over [plaintiff's] property." The letter went on, "[plaintiff] will not allow the [defendants] use of the driveway on his property for any more than *one* residence . . . ."

On November 5, the Marin County Planning Division approved defendants' application to construct the ADU. Defendants were also issued a building permit. William Minahen testified he started building the ADU around the time of the County's approvals.

**The Proceedings Below**

On December 7, plaintiff filed a complaint against defendants asserting one cause of action for declaratory relief. Plaintiff alleged that "Defendants' proposed construction of an ADU on [their] Property will necessarily utilize Plaintiff's Property for access, for construction and for ultimate use and enjoyment of the proposed ADU, and that each such use will violate the Original Easements Agreement, as amended, and the subsequent 1981 Settlement Agreement . . . ." Plaintiff further alleged that the proposed ADU "violates requirements of the Marin County Code . . . ."

In his prayer for relief, plaintiff sought a declaration that defendants' use of the Easement to access their ADU "will exceed the scope of and violate and breach the [easement agreements]." Plaintiff also sought the

5

"[i]mmediate issuance of a temporary restraining order, followed by a preliminary injunction, and ultimately by a permanent injunction commanding Defendants to cease and desist from the uses of the Easement for the development, construction and occupancy of an ADU on Defendants' Property."

On January 7, 2022, defendants filed a cross-complaint against plaintiff asserting the following causes of action: "breach of easement agreement; Cal. Civ. Code § 845"; "wrongful interference with easement/encroachment; injunctive relief"; "nuisance"; "negligence"; and "declaratory relief." Defendants alleged that plaintiff failed to adequately maintain and make necessary repairs to the easement, and had installed various modifications on his property that encroached upon the easement. Defendants sought damages, declaratory relief, and injunctive relief.

On February 17, plaintiff filed an ex parte application "for temporary restraining order ('TRO') and order to show cause why a preliminary injunction should not issue so as to preserve the status quo and prevent Defendants from overburdening the easement until the case can be heard on the merits." (Italics omitted.) Following a hearing the next day, the trial court denied the application, finding plaintiff did not met his "burden[ ] of establishing [a] likelihood of prevailing on the merits or of sufficient burden on the plaintiff and easement."

On January 23, 2023, plaintiff filed a cross-complaint to defendants' cross-complaint asking for: (1) a declaration that defendants' interest in the portion of the easement occupied by his improvements "has been terminated"; (2) a declaration that plaintiff "has a prescriptive easement to use the part of the Easement occupied by the Improvements"; and (3) a judgment quieting title to the portion of the easement occupied by his improvements.

The trial court bifurcated trial on the complaint and cross-complaints. A court trial on the issues in the complaint was held on May 12, 15, and 16. The trial court heard testimony from plaintiff, William Minahen, and Kimberly Minahen, among other witnesses. The trial court admitted into evidence the Original Grant, the Amendment, and the 1981 Settlement Agreement, along with other documents and correspondence pertaining to defendants' application to the County to build an ADU. On July 14, the parties submitted written closing arguments.

On August 31, the trial court issued a "Tentative Ruling and Proposed Statement of Decision and Judgment" in favor of defendants. Plaintiff filed objections, including to the "factual and legal bas[e]s" of the court's substantive findings.

In addition, as a procedural matter, plaintiff objected to the "Proposed Judgment" on the ground that it "is in the form of a final judgment, but it does not appear to be a final judgment." He argued: "The decision in the Tentative Ruling does not appear to be a final judgement [*sic*] because the parties' cross-complaints still have to be tried. 'A judgment that disposes of fewer than all the causes of action framed by the pleadings, however, is necessarily "interlocutory" (Code of Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending.' *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741. Also, although the Proposed Judgment effectively denies plaintiff's prayer for a permanent injunction, this denial does not appear to be a final judgment because there are issues still to be tried in the case. See Rutter Group, Civil Trials and Evidence §2:128: 1 ('An interlocutory order dismissing a cause of action for permanent injunctive relief is not immediately appealable') . . . . [¶] The court should clarify that the court's decision on this part of the case is an

7

interlocutory order, not a final judgment, so there it is clear [*sic*] that it is not appealable." (Italics omitted.)

On October 31, the trial court issued its "Final Statement of Decision," which repeated much of the tentative decision nearly verbatim. The court overruled plaintiff's objections. After providing the factual background, the court set forth its "Findings and Legal Conclusions." It began by stating, "This is a bifurcated trial and the only two issues before the Court, which are interrelated, are: 1) is an ADU a separate dwelling constituting a 'single family residence' or additional 'residential unit' in violation of the Easement Agreement, the Amendment, or the 1981 Agreement and 2) has Plaintiff proved that Defendants' installation of their ADU and use thereafter has and will overburden the easement?" The court then found, "After considering the testimony and evidence, . . . the answer to both of these questions is no." The court went on to discuss the bases of its conclusions.

In the last paragraph of the statement of decision entitled, "Judgment," the court wrote, "Based on the foregoing statement of decision, it is hereby ordered, adjudged, and decreed that Judgment is entered in favor of Defendants against Plaintiff." (Capitalization omitted.)

On December 23, plaintiff filed a notice of appeal from the judgment.

Meanwhile, plaintiff filed a motion for reconsideration of the statement of decision, which motion the trial court denied on March 11, 2024.

## DISCUSSION

A threshold and, as it turns out, dispositive issue is whether we have jurisdiction over this appeal.

The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) A trial court's order or judgment is appealable when it is

8

made so by statute.  (*Ibid*.)

"[Code of Civil Procedure] [s]ection 904.1, subdivision (a)[3] governs the right to appeal in civil actions.  It codifies the 'one final judgment rule,' which provides that ' " 'an appeal may be taken only from the final judgment in an entire action.' " [Citation.]' " (*Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125, 1138 (*Kaiser*), quoting *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756 (*Baycol*).)  " ' "The theory [behind the rule] is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." ' " (*Baycol*, *supra*, 51 Cal.4th at p. 756.)

"A judgment is final, and therefore appealable, when it embodies 'the final determination of the rights of the parties in an action or proceeding' (§ 577).  A judgment constitutes the final determination of the parties' rights ' " where no issue is left for future consideration except the fact of compliance or noncompliance with [its] terms . . . ." [Citation.]' [Citation.]" ' " (*Kaiser*, *supra*, 13 Cal.App.5th at p. 1138, citing *Olson v. Cory* (1983) 35 Cal.3d 390, 399.)  Thus, "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 (*Morehart*).)

"A complaint and cross-complaint are treated as independent actions for most purposes, except with respect to the requirement of one final

---

[3] All undesignated statutory references are to the Code of Civil Procedure.

9

judgment." (*Westamerica Bank v. MBG Industries, Inc.* (2007) 158 Cal.App.4th 109, 132 (*Westamerica*).) " 'Where a complaint and cross-complaint involving the same parties have been filed, there is no final, appealable judgment *until both have been resolved.*' " (*Ibid.*) "Thus, a judgment which resolves a complaint but does not resolve a cross-complaint pending between the same parties, is not final and not appealable, even if the complaint has been fully adjudicated." (*Ibid.*, citing *Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 698 and *Southern Pacific Land Co. v. Westlake Farms, Inc.* (1987) 188 Cal.App.3d 807, 825–826; accord, Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2023) ¶¶ 2:69, 2:70 (Eisenberg).)

Here, the judgment was rendered on the issues raised in the complaint, without adjudicating those raised in the cross-complaints. As plaintiff notes, the parties "are still awaiting a bifurcated trial on cross-complaints in this action." Thus, as defendants argue, and plaintiff appears to concede, the judgment plaintiff seeks to appeal is not a final determination of the parties' rights. As such, we agree with defendants that the unresolved cross-complaints defeat appealability of the judgment. (*Westamerica, supra*, 158 Cal.App.4th at p. 132; *Angell v. Superior Court, supra*, 73 Cal.App.4th at p. 698; *Southern Pacific Land Co. v. Westlake Farms, Inc., supra,* 188 Cal.App.3d at pp. 825–826.)

Plaintiff's reliance on section 904.1, subdivision (a)(6) (section 904.1(a)(6)) to argue the judgment is appealable is unavailing.[4]

---

[4] We note that plaintiff made the opposite argument below in his objections to the tentative statement of decision. As mentioned, he argued that "although the Proposed Judgment effectively denies plaintiff's prayer for a permanent injunction, this denial does not appear to be a final judgment because there are issues still to be tried in the case." Plaintiff then asked

"[I]n its remaining subdivisions, [section 904.1] lists various specific additional appealable orders that stand as exceptions to the [one final judgment] rule." (*Baycol*, *supra*, 51 Cal.4th at p. 756, fn. 3.) Section 904.1(a)(6) provides that an appeal "may be taken" from "an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction." This includes any order that, although not labeled an "injunction," in effect grants or refuses to grant injunctive relief. (Eisenberg, *supra*, ¶ 2:128e, citing *PV Little Italy, LLC. v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 142–143.)

Plaintiff argues "[t]his appeal is authorized by section 904.1(a)(6)," because "[t]he central ruling below was the denial of [his] prayer for an injunction," which in turn "was the central subject of the preceding trial." Defendants counter that "the Final Statement of Decision and Judgment is not an order denying injunctive relief, but deals instead with the entirety of Plaintiff's Complaint, which alleges only one cause of action for Declaratory Relief."

Neither party acknowledges that the complaint upon which the judgment was entered sought *both* declaratory and injunctive relief. Thus, insofar as the trial court entered a judgment in favor of defendants, it effectively denied plaintiff's request for both declaratory and injunctive relief.

To the extent plaintiff seeks to appeal the aspect of the judgment denying him injunctive relief, we do not agree that such denial is appealable under section 904.1(a)(6).

---

that the court "clarify that [its] decision on this part of the case is an interlocutory order, not a final judgment" and "*is not appealable.*" (Italics added.) As discussed in the text, this argument (and not the contradictory argument plaintiff makes now on appeal) is correct.

Whether an order denying injunctive relief is appealable depends on whether it involves a pendente lite injunction (such as orders on preliminary injunctions, temporary restraining orders, or other provisional injunctions) or a permanent injunction, and whether the injunctive order is interlocutory or final. As the leading appellate treatise explains, an interlocutory order denying a request for permanent injunctive relief "is not immediately appealable, but may be reviewed by a petition for writ of mandate or on appeal from the final judgment. The right of appeal conferred by [section] 904.1(a)(6) applies exclusively to pendente lite injunction orders (preliminary injunctions, TROs, or other provisional injunctions)." (Eisenberg, *supra*, ¶ 2:128.1, citing *Bishop Creek Lodge v. Scira* (2000) 82 Cal.App.4th 631, 633 (*Bishop Creek*) and *Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 649–651 (*Art Movers*), italics omitted.)

In *Art Movers*, *supra*, 3 Cal.App.4th 640, the court addressed the proper application of former subdivision (f) of section 904.1 and its predecessor, section 963, subsection 2 (both predecessors to section 904.1(a)(6)). It interpreted the statute as "provid[ing] a remedy by appeal for the grant or denial of a pendente lite injunction which is to continue in force during the pendency of the litigation and until final determination of the action. [Citations.]" (*Art Movers*, at p. 646.) The court explained, "An interpretation of . . . section 904.1[(a)(6)] which limits its applicability to pendente lite injunctions is consistent with the manifest differences between pendente lite and permanent injunctions. Immediate appeal is necessary to review orders granting or denying pendente lite injunctions, because such orders cannot be reviewed on an appeal from the final judgment. If the orders are not reviewed pendente lite, the issues become moot upon entry of final judgment and plaintiff may suffer substantial and irreparable harm, unredressable by

appellate review.  A plaintiff denied permanent injunctive relief, on the other hand, suffers no immediate harm, and the denial of injunctive relief may be more easily reviewed in conjunction with the final judgment." (*Art Movers*, at pp. 646–647.)

The *Art Movers* court went on to discuss "[a] number of cases [that] have specifically limited the applicability of . . . section 904.1[(a)(6)'s predecessors] to pendente lite injunctions and have refused to find interlocutory orders denying permanent injunctions to be appealable, except from a final judgment." (*Art Movers*, *supra*, 3 Cal.App.4th at p. 647.)  The court noted that "[o]ther cases purporting to allow appeals from interlocutory denials of permanent injunctions have usually done so in connection with some other basis for appeal." (*Id.* at p. 649.)  In concluding that an interlocutory order dismissing a cause of action for permanent injunctive relief was not appealable under section 904.1(a)(6), the court observed that its conclusion was "consistent with the ostensible purpose of [the statute], that is, to provide immediate appellate review of orders granting or denying pendente lite injunctions.  It is also consistent with the general appellate policy to avoid piecemeal review of litigation." (*Art Movers*, at p. 649.)

Citing *Art Movers* among other authorities, the court in *Bishop Creek* held that section 904.1(a)(6) "applies exclusively to an order refusing to grant a *preliminary* injunction.  An order refusing to grant a *permanent* injunction is not appealable unless and until it is embodied in a final judgment." (*Bishop Creek*, *supra,* 82 Cal.App.4th at p. 633.)  Accordingly, the court concluded that an interlocutory order denying a permanent injunction prior to trial of legal issues and damages was not appealable.  (*Id.* at p. 634.)[5]

---

[5] To the extent plaintiff argues the interpretation given to section 904.1(a)(6) in *Bishop Creek* and/or the authorities it cites is incorrect, we

13

Applying these principles here, we conclude that even if a portion of the judgment may be construed as an "order" denying injunctive relief, such order is not appealable under section 904.1(a)(6). First, as plaintiff acknowledged below, the judgment "effectively denie[d] plaintiff's prayer for a permanent injunction," not a pendente lite injunction, such as a temporary restraining order or a preliminary injunction. As noted, in his complaint plaintiff sought "a temporary restraining order, followed by a preliminary injunction, and ultimately . . . a permanent injunction, commanding Defendants to cease and desist from the uses of the Easement for the development, construction and occupancy of an ADU on Defendants' Property." Prior to trial, plaintiff filed an ex parte application for a temporary restraining order and a preliminary injunction, which application the trial court denied. Plaintiff did not appeal from that denial. Consequently, what was left to be adjudicated at trial was plaintiff's request for a permanent injunction. Therefore, when the trial court entered judgment in defendants' favor following trial, it effectively denied plaintiff's

_____

disagree. Plaintiff argues, in conclusory fashion, that "the plain and settled meaning of section 904.1(a)(6) moots the asserted rationale" of *Bishop Creek*. However, we think it is plaintiff who disregards the "settled" meaning of the statute. As explained in *Art Movers*, despite the broad language of section 904.1(a)(6), case law has limited its scope. (See *Art Movers*, *supra*, 3 Cal.App.4th at p. 646 ["It has long been held that [the predecessors to section 904.1(a)(6)] provide a remedy by appeal for the grant or denial of a pendente lite injunction which is to continue in force during the pendency of the litigation and until final determination of the action"], citing *Brydon v. City of Hermosa Beach* (1928) 93 Cal.App. 615, 618–621; *Doudell v. Shoo* (1911) 159 Cal. 448, 455; *United Railroads v. Superior Court* (1915) 170 Cal. 755, 758, overruled on other grounds in *Union Interchange, Inc. v. Savage* (1959) 52 Cal.2d 601, 606; *American Trading Co. v. Superior Court* (1923) 192 Cal. 770, 772.) Plaintiff does not make any meaningful effort to explain why we should depart from the long established rule. And we decline his invitation to do so.

14

request for a permanent injunction.

Second, that denial was interlocutory because, as discussed above, the cross-complaints remain unresolved and await trial. And because an interlocutory order denying a permanent injunction "is not immediately appealable" (*Eisenberg, supra*, ¶ 2:128.1; *Bishop Creek, supra*, 82 Cal.App.4th at p. 633; *Art Movers, supra*, 3 Cal.App.4th at pp. 649–651, italics omitted), it follows that the judgment here is not appealable.

We then must decide whether to dismiss the appeal (as defendants request) or treat the appeal as a petition for an extraordinary writ (as plaintiff urges). An appeal from a nonappealable order or judgment may be considered a petition for extraordinary writ if: (1) the briefs and record before the court contain in substance all the elements required for an original mandate proceeding; and (2) there are extraordinary circumstances justifying the exercise of that discretionary power. (*Morehart, supra*, 7 Cal.4th at pp. 745–747; *Angell, supra*, 73 Cal.App.4th at p. 698.) Plaintiff identifies no extraordinary circumstances justifying treatment of the appeal as a writ petition, and we see none. Treating the appeal as a writ petition would not conserve judicial resources or avoid further trial proceedings because whichever way we were to resolve the matter, the two cross-complaints still would have to be tried.

In sum, the appeal must be dismissed for lack of jurisdiction.

## DISPOSITION

The appeal is dismissed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

15

_____

RICHMAN, ACTING P.J.

We concur.

_____

MILLER, J.

_____

DESAUTELS, J.

(A169725)