[Civ. No. 9009.   Third Dist.   Sept. 17, 1957.]

RUBY JANE McCARTY et al., Appellants, v. MACY AND COMPANY (a Partnership) et al., Respondents, and consolidated cases.

Rawlins Coffman for Appellants.

Stanley Pugh, Donald B. Webster and Pugh & Webster for Respondents.

SCHOTTKY, J.—Plaintiffs have appealed from minute orders denying injunctive relief in four companion cases and from a number of orders made during the trial.

For many years respondents have operated a grain mill in Red Bluff. The old plant was destroyed by fire in October, 1951, and was replaced by a new one which opened for operation in 1953. Appellants are the owners and occupants of homes in close proximity to respondents' mill. Four separate actions were filed by appellants in which they sought to enjoin the operation of the mill on the ground that the noise and dust therefrom constitute an abatable nuisance and to recover damages. The four cases were consolidated for trial, and apparently by stipulation of the parties the issue as to whether appellants were entitled to damages was expressly reserved for separate trial before a jury, and the court proceeded to try the equitable issue presented by the pleadings. At the conclusion of the trial the court adopted findings of fact and conclusions of law in each case, finding in substance that there was some noise and dust from the plant but not sufficient to interfere with the rest or peace of mind of persons of normal health, condition and sensibilities; that appellants' properties had not substantially depreciated in value as a result of respondents' operation; and that the issue of damages having been reserved for determination by the jury at a separate trial the court made no determination on that issue. On the basis of the facts found the court concluded that the plaintiffs had plain, speedy and adequate remedies at law; that there had not been shown sufficient cause for injunctive or other equitable relief; that such relief should be denied and that the several plaintiffs should be allowed to pursue their remedies at law if so advised. The court stated that immediately following the conclusion of trial of issues of law or abandonment of such issues, then judgment would be entered denying equitable relief. No formal judgment was

pronounced in any of the cases and apparently it was not the intention of the court to enter such judgments until the whole cause in each case had been disposed of after trial on the merits. Nevertheless, the clerk appears to have entered a minute order in each case reciting that, "Pursuant to Findings, it is ordered that equitable relief as prayed for is denied, and that injunctive relief as prayed for is denied." The several notices of appeal state that the appeals are taken from these minute orders.

Neither in the briefs filed prior to the oral argument, nor upon the oral argument, was there any discussion as to the appealability of the minute orders appealed from, but research by the court convinced the court that there was a grave question as to the appealability of said orders and the court thereupon requested counsel for the respective parties to file supplemental briefs addressed to that question. Respondents have filed a brief in which they argue that the orders appealed from are not appealable and that the appeals should be dismissed. Appellants, however, argue that the four appeals are well taken and should not be dismissed. It is appellants' position that they are not prosecuting these appeals under subsection 1 of section 963 of the Code of Civil Procedure (appeal from a final judgment) but rather under that part of subsection 2 which reads, "From an order . . . refusing to grant . . . an injunction."

In each of the four cases involved in the instant appeal, the plaintiffs sought both an injunction and damages. They were of course entitled to a jury trial on the issue of damages but not upon the equitable remedy of injunction. (*Pacific Western Oil Co.* v. *Bern Oil Co.*, 13 Cal.2d 60 [87 P.2d 1045].) They demanded a jury trial. The parties and the court appeared to be in doubt as to whether the issues as to the injunction and damages could be tried at the same time, but, apparently, by general agreement proceeded with the trial of the equitable issues. The court stated:

". . . It follows as a matter of course that there is an issue there on the legal amount of damages. If we don't try it now, it will still be open and will have to be tried by a jury, as long as the jury has been demanded, at some later date. . . . We will determine the equitable issues and if there are legal issues they could be submitted to a jury later. We could have the jury here and try the whole thing and I could try the equitable issues and then submit it to the jury but that might be wasting the jury's time."

It is clear from the record, as hereinbefore stated, that it was not the intention of the court to enter any judgment until the issue of damages had been disposed of, and it is likewise clear that no final judgment, or any judgment, has been entered. ■ The rule has long been well settled that there can be but one final judgment in an action regardless of how many counts the complaint contains or how many issues of law or fact are presented. The purpose of this rule is to prevent piecemeal decisions and multiple appeals. As stated in *de Valley* v. *Kendall de Valley O. Co., Ltd.*, 220 Cal. 742, at page 745 [32 P.2d 638]:

"Although the matter is not mentioned by counsel for either side, it appears that the court should not have given a judgment herein until the final disposition of the entire cause. The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith*, 137 Cal. 360, 361 [70 P. 166], quoting from *Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 577 [33 P. 633]: 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy. (Citing authority.)' See also *Doudell* v. *Shoo*, 159 Cal. 448 [114 P. 579], *Middleton* v. *Finney*, 214 Cal. 523 [6 P.2d 938], and *Potvin* v. *Pacific Greyhound Lines, Inc.*, 130 Cal.App. 510, 512 [20 P.2d 129]."

See also *Crofoot* v. *Crofoot*, 132 Cal.App.2d 794 [283 P.2d 283]; *Murphy* v. *Fong Shuck*, 151 Cal.App.2d 64 [311 P.2d 80].

■ Appellants argue that they have a right to prosecute their appeals under subsection 2 of section 963, which provides in part that an appeal may be taken from an order "granting or dissolving an injunction, or refusing to grant or dissolve an injunction." We are convinced that the quoted language does not authorize an appeal under the circumstances shown by the record here, but that it is intended to apply to a preliminary or intermediate order denying or granting an injunction. We do not believe that it was intended to apply to a determination by the court, after the equitable issues had been fully tried, that an injunction should be denied and that after the issue of whether plaintiffs are entitled to damages was tried such a decree would be included in the judgment. Until the remaining issue of whether or not appellants are entitled to damages is tried and determined, or is abandoned, there can be no final

judgments in the actions, and until final judgments are entered there can be no appeals in the instant cases.

We conclude, therefore, that the minute orders from which appellants have appealed are not appealable orders and that the said appeals must be and are hereby dismissed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 13, 1957.

*Assigned by Chairman of Judicial Council.