[No. B058613. Second Dist., Div. Five. Feb. 11, 1992.]

ART MOVERS, INC., et al., Cross-complainants and Appellants, v.
NI WEST, INC., Cross-defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II (entitled Section 128.5 Sanctions) of the Discussion.

**COUNSEL**

Lowell R. Wedemeyer for Cross-complainants and Appellants.

Bronson, Bronson & McKinnon, Virgil L. Roth, David M. Walsh and Robert C. Cartwright for Cross-defendant and Respondent.

**OPINION**

**GRIGNON, J.**—Cross-complainants and appellants Art Movers, Inc., Bryan Cooke, Aileen Cooke and Cooke's Crating, Inc., appeal from an order

granting summary adjudication in favor of cross-defendant and respondent Ni West, Inc., on appellants' cause of action seeking permanent injunctive relief against respondent. Appellants claim appellate jurisdiction pursuant to Code of Civil Procedure section 904.1, subdivision (f), which provides for review of orders denying injunctions. Appellants also appeal from an order imposing monetary sanctions in the amount of $1,620 against them pursuant to Code of Civil Procedure section 128.5. We conclude that when a party brings a cause of action requesting permanent injunctive relief and that relief is denied by summary adjudication, review is properly taken by a petition for a writ of mandate and not appeal. We conclude further that the order imposing sanctions[1] does not comply with the due process and statutory requirements of Code of Civil Procedure section 128.5. Accordingly, we dismiss the appeal from the order granting summary adjudication and reverse and remand the order imposing sanctions.

## FACTS AND PROCEDURAL BACKGROUND

This action arises out of a dispute over the parties' respective duties and liabilities concerning toxic and hazardous waste dumped on leased commercial property. Plaintiffs and cross-defendants Benjamin and Pauline Seewack,[2] who are not parties to this appeal, own the real property and commercial building located at 3136 East 11th Street, Los Angeles, California (the property). Plaintiffs operated a business known as Artistic Brass, on the property, from 1965 through 1970.

From 1970 to 1982, respondent leased the property from plaintiffs and operated the business Artistic Brass. Artistic Brass processed plumbing fixtures and operated at least two vapor degreasing devices. These devices produced toxic chemicals which were dumped into the property's sewers and seeped into the soil to a depth of 25 feet.

Appellants own real property adjacent to plaintiffs' property. In 1986,[3] appellants leased plaintiffs' property for a period of seven years with an option to buy. After taking possession of the property, appellants discovered that it was contaminated with toxic and hazardous waste to an approximate depth of 25 feet below the soil. Plaintiffs removed the contaminated soil to a depth of approximately eight feet, apparently to the satisfaction of the local regulatory agency. Appellants, however, claiming constructive eviction caused by the waste, stopped paying the rent and property taxes required by the lease.

---

[1]This order is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (k).

[2]Benjamin Seewack and Pauline Seewack, trustees of the Benjamin and Pauline Seewack Inter Vivos Revocable Trust, are plaintiffs and cross-defendants in this action.

[3]It is not clear from the record what the status of the property was between 1982 and 1986.

On April 30, 1987, plaintiffs filed a complaint against appellants for breach of the lease, based upon appellants' failure to pay rent and property taxes. Appellants filed an answer which affirmatively alleged that the unpaid rent and property tax was offset by the damages caused by their constructive eviction.

Appellants also filed a cross-complaint, which is the subject of this appeal, against various parties including plaintiffs and respondent. The cross-complaint set forth causes of action for: (1) breach of lease/option and the covenant of good faith and fair dealing; (2) a declaration that cross-defendants are jointly and severally liable and must indemnify appellants; (3) tortious trespass and nuisance due to the dumping of the waste; (4) fraud; (5) tortious depreciation of appellants' adjacent property; (6) negligent or intentional failure to warn of a hazard; (7) a declaration that respondent must decontaminate the property, and that appellants may then exercise their option to purchase; (8) injunctive relief against respondent requiring it to decontaminate the property and abate the nuisance; (9) specific performance of appellants' option; and (10) strict liability for ultrahazardous activities.

On March 1, 1991, respondent filed a motion for summary adjudication of appellants' causes of action for nuisance and trespass, strict liability, declaratory relief re indemnification, declaratory relief re respondent's duty to decontaminate, and injunctive relief compelling respondent to decontaminate the property because money damages were insufficient. Appellants filed opposition on March 14, 1991.

On March 29, 1991, the court denied summary adjudication on the causes of action for nuisance and trespass and strict liability but granted summary adjudication in favor of respondent on both causes of action for declaratory relief and on the cause of action for injunctive relief.

On April 8, 1991, appellants filed a motion for rehearing and reversal of the order granting summary adjudication. At the hearing on the motion on May 1, 1991, the trial court denied appellants' motion and imposed $1,620 in monetary sanctions against appellant pursuant to Code of Civil Procedure section 128.5 on the grounds that the motion was brought in bad faith and was frivolous. The minute order stated only that the sanctions were imposed pursuant to Code of Civil Procedure section 128.5. No further order was entered.

On May 17, 1991, appellants filed a petition for writ of mandate with this court asking, in part, that the order granting summary adjudication on the cause of action for injunctive relief be vacated. On the same date, appellants

filed this appeal and claimed appellate jurisdiction for the order granting summary adjudication pursuant to Code of Civil Procedure section 904.1, subdivision (f). Appellants concede that the order granting summary adjudication as to the two declaratory relief causes of action is not appealable. Thus, they appeal the summary adjudication order only as it relates to the cause of action for injunctive relief. Appellants' petition for writ of mandate was summarily denied by Division Two of this district on May 28, 1991.

DISCUSSION

I

*Summary Adjudication Order*

■    In California, the right to appeal is governed solely by statute and, except as provided by the Legislature, the appellate courts have no jurisdiction to entertain appeals. An appealable judgment or order is essential to appellate jurisdiction, and the court, on its own motion, must dismiss an appeal from a nonappealable order. (*In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1638 [235 Cal.Rptr. 198].)    ■    The primary statutory basis for appealability in civil matters is limited to the judgments and orders described in section 904.1 of the Code of Civil Procedure, which essentially codifies the "one final judgment rule" and provides that only final judgments are appealable. The one final judgment rule is based on the theory that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court. Ordinarily, there can be only one final judgment in an action and that judgment must dispose of all the causes of action pending between the parties. (*Day* v. *Papadakis* (1991) 231 Cal.App.3d 503, 507-508 [282 Cal.Rptr. 548].) It is the substance and effect of the court's order or judgment and not the label that determines whether or not it is appealable. (*In re Marriage of Loya, supra,* at p. 1638.)

■    Code of Civil Procedure section 904.1, subdivision (f) and its predecessor Code of Civil Procedure section 963, subsection 2, provide an exception to the one final judgment rule for injunctions. An order granting or dissolving an injunction or refusing to grant or dissolve an injunction is immediately and separately appealable. The statute refers to an "injunction" and does not limit or further define the word. The statute makes no distinction between pendente lite injunctions,[4] such as preliminary injunctions, temporary restraining orders and stays pending appeal, and permanent injunctions. The issue in this case is whether Code of Civil Procedure section

---

[4] A pendente lite injunction is sometimes called a provisional injunction.

904.1 and its predecessor should be applied to an interlocutory order dismissing a cause of action for permanent injunctive relief. Although the state of the law is not entirely clear, we conclude that the better rule is to hold that such orders are not separately appealable but may be reviewed upon appeal from the final judgment.

■ In granting or denying an injunction pendente lite, the trial court determines whether the status quo of the parties should be maintained pending the litigation or the appeal of the judgment. In making this determination, the trial court considers whether the plaintiff has a likelihood of succeeding on the merits and whether the plaintiff will suffer greater interim harm from a denial of the injunction pendente lite than the defendant is likely to suffer from its grant. The granting or denial of a request for a pendente lite injunction does not determine the merits of the controversy and is reviewed by an appellate court for an abuse of discretion. (*Baypoint Mortgage Corp.* v. *Crest Premium Real Estate etc. Trust* (1985) 168 Cal.App.3d 818, 823-824 [214 Cal.Rptr. 531].)

A permanent injunction is very different from a pendente lite injunction. ■ A permanent injunction is an equitable remedy for certain torts or wrongful acts of a defendant where a damage remedy is inadequate. A permanent injunction is a determination on the merits that a plaintiff has prevailed on a cause of action for tort or other wrongful act against a defendant and that equitable relief is appropriate. A permanent injunction is not issued to maintain the status quo but is a final judgment on the merits. (6 Witkin, Cal. Procedure (3d ed. 1985) Provisional Remedies, §§ 250, 251, pp. 216-218.) It is reviewed on appeal for the sufficiency of the evidence to support the judgment. (*Richards* v. *Dower* (1883) 64 Cal. 62, 64 [28 P. 113].)

■ It has long been held that Code of Civil Procedure section 904.1, subdivision (f), and its predecessor, provide a remedy by appeal for the grant or denial of a pendente lite injunction which is to continue in force during the pendency of the litigation and until final determination of the action. (*Brydon* v. *City of Hermosa Beach* (1928) 93 Cal.App. 615, 618-621 [270 P. 255]; *Doudell* v. *Shoo* (1911) 159 Cal. 448, 455 [114 P. 579]; *United Railroads* v. *Superior Court* (1915) 170 Cal. 755, 758 [151 P. 129], overruled on other grounds in *Union Interchange, Inc.* v. *Savage* (1959) 52 Cal.2d 601, 606 [342 P.2d 249]; *American Trading Co.* v. *Superior Court* (1923) 192 Cal. 770, 772 [222 P. 142].)

An interpretation of Code of Civil Procedure section 904.1, subdivision (f) which limits its applicability to pendente lite injunctions is consistent with the manifest differences between pendente lite and permanent injunctions.

Immediate appeal is necessary to review orders granting or denying pendente lite injunctions, because such orders cannot be reviewed on an appeal from the final judgment. If the orders are not reviewed pendente lite, the issues become moot upon entry of final judgment and plaintiff may suffer substantial and irreparable harm, unredressable by appellate review. A plaintiff denied permanent injunctive relief, on the other hand, suffers no immediate harm, and the denial of injunctive relief may be more easily reviewed in conjunction with the final judgment. A permanent injunction is merely a remedy for a proven cause of action. It may not be issued if the underlying cause of action is not established.

A number of cases have specifically limited the applicability of Code of Civil Procedure section 904.1, subdivision (f) and its predecessor to pendente lite injunctions and have refused to find interlocutory orders denying permanent injunctions to be appealable, except from a final judgment.

In *Carley* v. *City of Santa Rosa* (1957) 154 Cal.App.2d 214 [315 P.2d 905], plaintiffs filed an action to permanently enjoin defendants from pumping and selling water from certain wells. Defendants' demurrers to the complaint were sustained by the trial court. Plaintiffs appealed from the order sustaining the demurrers. The appellate court held that the order sustaining the demurrers was not an appealable order. The court further held that the order was not appealable as the denial of an injunction. The appeal was dismissed. The court stated: "We are convinced that the quoted language [from the predecessor section to section 904.1, subdivision (f)] does not authorize an appeal under the circumstances shown by the record here but that it was intended to apply to a preliminary or intermediate order denying or granting an injunction, and not to an order sustaining or overruling a demurrer." (*Id.* at p. 215.)

In *McCarty* v. *Macy & Co.* (1957) 153 Cal.App.2d 837 [315 P.2d 383], plaintiffs filed consolidated actions to enjoin the operation of a mill and for damages. The trial was bifurcated, and the trial court tried the equitable issues first. It denied all requested equitable relief, including a permanent injunction, because plaintiffs had adequate remedies at law. Before the trial on the legal issues, plaintiffs appealed from the denial of injunctive relief. The court held that the denial of injunctive relief was not appealable, except in connection with a final judgment, and dismissed the appeals. The court stated: "Appellants argue that they have a right to prosecute their appeals under subsection 2 of section 963, which provides in part that an appeal may be taken from a order 'granting or dissolving an injunction, or refusing to grant or dissolve an injunction.' We are convinced that the quoted language does not authorize an appeal under the circumstances shown by the record

here, but that it is intended to apply to a preliminary or intermediate order denying or granting an injunction. We do not believe that it was intended to apply to a determination by the court, after the equitable issues had been fully tried, that an injunction should be denied and that after the issue of whether plaintiffs are entitled to damages was tried such a decree would be included in the judgment. Until the remaining issue of whether or not appellants are entitled to damages is tried and determined, or is abandoned, there can be no final judgments in the actions, and until final judgments are entered there can be no appeals in the instant cases." (*Id.* at pp. 840-841.)

In *Engle* v. *City of Oroville* (1965) 238 Cal.App.2d 266 [47 Cal.Rptr. 630], plaintiff brought an action against the city for damages and injunctive relief. The trial was bifurcated and the trial court first heard the equitable issues. After the court trial, the trial court permanently enjoined the city from discharging sewage into the Feather River. The city appealed the trial court's determination that plaintiff was entitled to an injunction. Relying on *McCarty*, the appellate court dismissed the appeal as premature. (*Id.* at p. 269.) After a trial by jury awarding damages to plaintiff, judgment was entered, the city appealed and equitable as well as legal issues were reviewed by the appellate court.

In *Guntert* v. *City of Stockton* (1974) 43 Cal.App.3d 203 [117 Cal.Rptr. 601], plaintiffs sued the city seeking declaratory relief, an injunction and damages. After trial, the court ordered issuance of a permanent injunction against the city and directed a future trial for damages. The city appealed from the order granting the permanent injunction. (*Id.* at pp. 206-207.)

The *Guntert* court recognized that the order granting the permanent injunction was only a partial disposition of the lawsuit, and that the appeal from the order would generally be dismissed as premature. The court stated, however, that the Legislature had provided that orders granting injunctions were appealable. In the case of permanent injunctions, the court reasoned that the appellate courts had fashioned a "one-final-judgment" rule as a matter of appellate policy but not statutory prohibition. Thus, the *Guntert* court concluded that it had discretion to hear the appeal "[i]n unusual circumstances, where inflexible application of the nonstatutory rule would produce inutility or hardship." The court held: "Here the trial resulted in findings which firmly adjudicated the merits of the lawsuit, leaving only the amount of damages for later ascertainment. The present review will determine all issues except the amount of damages. Guntert has demonstrated economic hardship flowing from appellate delay. Judicial policy chooses to avoid this hardship, even at the cost of a second appellate decision. In the exercise of discretion, we withhold application of the nonstatutory one-final-judgment rule." (43 Cal.App.3d at p. 209.)

Other cases purporting to allow appeals from interlocutory denials of permanent injunctions have usually done so in connection with some other basis for appeal. (See *Miller* v. *Woods* (1983) 148 Cal.App.3d 862, 871, fn. 9 [196 Cal.Rptr. 69] [order appealable as denying class certification]; *Mateo-Woodburn* v. *Fresno Community Hospital & Medical Center* (1990) 221 Cal.App.3d 1169, 1174-1175, fn. 2 [270 Cal.Rptr. 894] [order appealable as dissolving preliminary injunction]; *Fiske* v. *Gillespie* (1988) 200 Cal.App.3d 1243, 1245 [246 Cal.Rptr. 552] [appeal treated as from final summary judgment]; *Ezer* v. *Fuchsloch* (1979) 99 Cal.App.3d 849 [160 Cal.Rptr. 486, 13 A.L.R.4th 1333] [permanent mandatory injunction appealable as final judgment]; *Stoddard* v. *Superior Court* (1895) 108 Cal. 303 [41 P. 278] [order appealable as order made after final judgment]; *Pardee Construction Co.* v. *City of Camarillo* (1984) 37 Cal.3d 465, 467 [208 Cal.Rptr. 228, 690 P.2d 701] [appealable as order made after final judgment]; *Western Electroplating Co.* v. *Henness* (1959) 172 Cal.App.2d 278, 283-284 [341 P.2d 718] [exception to final judgment rule where unusual circumstances in which postponement of appeal to final judgment as to all causes of action would cause serious hardship and inconvenience]; *Brown* v. *Memorial Nat. Home Foundation* (1958) 158 Cal.App.2d 448, 456-457 [322 P.2d 600, 72 A.L.R.2d 997] [order appealable because no substantial issue affecting appellants' rights remained].)

From the foregoing, we conclude that Code of Civil Procedure section 904.1, subdivision (f) is not applicable to interlocutory orders dismissing a cause of action for permanent injunctive relief. The appellate opinions which have clearly reached this issue have uniformly concluded that Code of Civil Procedure section 904.1, subdivision (f) was not intended to apply to such orders. (*Carley, supra,* 154 Cal.App.2d 214; *McCarty, supra,* 153 Cal.App.2d 837; *Engle, supra,* 238 Cal.App.2d 266.) The opinions which have indicated that immediate appeal is appropriate have done so without discussion, often in footnotes, and in cases in which an additional basis for appellate review is also present. Our conclusion is consistent with the ostensible purpose of Code of Civil Procedure section 904.1, subdivision (f), that is, to provide immediate appellate review of orders granting or denying pendente lite injunctions. It is also consistent with the general appellate policy to avoid piecemeal review of litigation.

The value of this appellate policy is clearly demonstrated in the case at bench. This complex litigation concerns toxic and hazardous waste dumping which occurred over many years and involved many parties. Respondent, only one of numerous parties, filed a motion for summary adjudication of issues as to the ten causes of action in appellants' cross-complaint. The trial

court granted summary adjudication of issues as to the three causes of action which seek equitable relief. Even appellants concede that the order is not appealable to the extent it granted summary adjudication of the two declaratory relief causes of action. One declaratory relief cause of action seeks a judicial declaration concerning the injunctive relief which is at issue in this appeal. Thus, not reviewable at this time are all the causes of action of the complaint and nine out of ten causes of action of the cross-complaint. The summary adjudication does not terminate the litigation as to respondent. Respondent remains a cross-defendant in the action.

More importantly, the order denying appellants permanent injunctive relief is not properly reviewable at this time. Review can only be intelligently accomplished when the merits of the litigation have been determined. The remedy of injunctive relief is totally dependent on a determination that respondent is liable to appellants for some tort or other wrongful act. Appellants have not requested any pendente lite injunction. Appellants have not requested that the status quo be preserved pending litigation. Appellants have, however, indicated their concerns that the denial of permanent injunctive relief in some manner precludes a request for pendente lite injunctive relief, if that relief is necessitated by new information or circumstances. Such concerns are speculative and meritless. There is nothing in the trial court's summary adjudication of appellants' cause of action for permanent injunctive relief which precludes appellants from requesting a preliminary injunction based on an appropriate state of facts.[5] As noted previously, pendente lite injunctions and permanent injunctions are entirely different proceedings, with entirely different purposes.

■ We note that the *Guntert* court's departure from the general rule denying immediate appellate review in such cases and allowance of an appeal in the "interests of justice," although seductive in a particular case, is harmful to appellants in general. It is important for litigants to know when an order is appealable and when it is not. If an order is appealable, it must be appealed in a timely fashion or the right to review is lost. If it is not appealable, appellants lose considerable time and money seeking to appeal a nonappealable order. Litigants cannot make decisions as to when to appeal orders if the right to appeal is dependent on an appellate court's subsequent determination that the appeal of an interlocutory order is in the interests of justice. Our desire to do justice in a particular case must not interfere with the rights of litigants in general to know precisely and unambiguously just

---

[5]At oral argument, respondent conceded it would not be frivolous for appellants to request preliminary injunctive relief under the new facts appellants alleged at oral argument that the toxic waste was moving onto their adjacent property.

what orders are appealable. An interests of justice standard is incompatible with the necessity for a clear standard as to precisely which pretrial orders are appealable.

If in a particular case, justice cries out for immediate appellate review, appellate courts have discretion to treat an appeal as a petition for writ of mandate. In this particular case, justice has not cried out. Appellants describe no harm which may be caused by review in connection with a final judgment. Moreover, appellants have previously sought and obtained discretionary review by petition for writ of mandate of the same order which they now seek to appeal. This petition was summarily denied. No further review is required or warranted at this point.

We hold that an interlocutory order dismissing a cause of action for permanent injunctive relief is not immediately appealable under Code of Civil Procedure section 904.1, subdivision (f). Specifically, appellants may not appeal from the order granting summary adjudication in favor of respondent as to appellants' cause of action for permanent injunctive relief. Review of such an order may be had on appeal from a final judgment in the case.

II

*Section 128.5 Sanctions**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The appeal from the April 9, 1991, order granting respondent's motion for summary adjudication against appellants' cause of action for permanent injunctive relief is dismissed for lack of jurisdiction. The appeal from the order imposing Code of Civil Procedure section 128.5 monetary sanctions against appellants is reversed and remanded to the trial court with directions to enter an order stating in sufficient detail the conduct or circumstances

---

*See footnote, *ante*, page 640.

justifying the order, or vacate the imposition of sanctions. Appellants are to bear costs on appeal.

Ashby, Acting P. J., and Boren, J., concurred.