Filed 9/29/25  P. v. Peterson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


THE PEOPLE,

    Plaintiff and Respondent,

v.

DEMUS LUSHAN PETERSON,

    Defendant and Appellant.

D084684


(Super. Ct. No. FWV1201336)


APPEAL from an order of the Superior Court of San Bernardino, Daniel W. Detienne, Judge.  Appeal dismissed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Demus Lushan Peterson appeals an order denying his self-initiated request for a recall of his sentence and resentencing under Penal Code section 1172.1.[1] The trial court denied Peterson's request after finding it did not have jurisdiction to grant the relief he sought.

On appeal, Peterson argues the denial order is appealable under section 1237, subdivision (b), because it is a postjudgment order affecting his substantial rights. On the merits, he contends the trial court erred when it denied his request for lack of jurisdiction. In response, the People contend we do not have appellate jurisdiction over the matter because the denial order is not an appealable order. We agree with the People. Therefore, we dismiss the appeal.

# II

## BACKGROUND

### A. *The Murder Conviction*

In 1994, Peterson killed a long-haul truck driver while trying to rob the driver. (*People v. Peterson* (June 24, 2015, No. D067439) [nonpub. opn.] (*Peterson*).)

In 2013, a jury found Peterson guilty of first degree murder (§ 187, subd. (a)), and returned a true finding on a sentencing enhancement allegation that he personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)). Peterson was sentenced to an indeterminate term of 35 years to life in state prison, consisting of 25 years to life for the murder conviction and 10 years for the firearm enhancement. On direct appeal, our

---

[1] Further undesignated statutory references are to the Penal Code.

court affirmed the judgment of conviction in all material respects and the case became final in 2015. (*Peterson, supra*, D067439.)

B. *Resentencing Proceedings*

In 2022, Peterson filed a petition to have his murder conviction vacated and to be resentenced under section 1172.6.[2] The trial court initially denied the petition at the prima facie stage, but we reversed the summary denial order and remanded the matter with instructions that the court issue an order to show cause and set an evidentiary hearing. (*People v. Peterson* (Mar. 30, 2023, No. D080986) [nonpub. opn.].)

On April 8, 2024, before the trial court held its evidentiary hearing, Peterson filed a request for a recall of his sentence and resentencing under section 1172.1. Specifically, he asked the court to recall his sentence and dismiss his firearm enhancement when resentencing him. Peterson sought relief on the ground that the Legislature had amended the state's sentencing laws, including section 1385, since the date of his initial sentencing. He also asserted he was remorseful for his crime, he had never been disciplined in prison, and he had participated in self-help groups and become a certified drug and alcohol counselor in prison.

On July 12, 2024, the court held an evidentiary hearing on the section 1172.6 petition for resentencing. The court found Peterson was not entitled to relief because he was the actual killer of the truck driver. Therefore, the court denied the petition.

---

[2]    "[S]ection 1172.6 provides an opportunity for criminal defendants who were convicted of murder under either a natural and probable consequences theory or (in some circumstances) under a felony-murder theory—and who could not be convicted of murder under the law as it currently stands—to file a petition to be resentenced." (*People v. Arellano* (2024) 16 Cal.5th 457, 463, fn. omitted.)

Immediately after the court denied the petition for resentencing under section 1172.6, the court brought up Peterson's request for a recall and resentencing under section 1172.1. The court opined it did not have jurisdiction to grant relief; therefore, it declined to consider the request on the merits, effectively denying the request.

Peterson filed a notice of appeal challenging the denial of his request for a recall of his sentence and resentencing under section 1172.1.

III

DISCUSSION

Peterson contends the trial court's order denying his request for a recall of his sentence and resentencing under section 1172.1 is an appealable order and, on the merits, the trial court erred when it found that it did not have jurisdiction to grant his request. The People assert the order is not an appealable postjudgment order because it does not affect Peterson's "substantial rights." (§ 1237, subd. (b).) Thus, they argue, we must dismiss the appeal for lack of jurisdiction. We agree with the People.

A. *Section 1172.1*

As a general matter, the trial court loses jurisdiction to resentence a criminal defendant once the defendant's sentence is executed. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) However, the Legislature can establish exceptions to this general rule and confer jurisdiction on the court by statute. (See *People v. Flores* (2003) 30 Cal.4th 1059, 1064; see also *People v. Howard* (1997) 16 Cal.4th 1081, 1089–1090.) Section 1172.1, formerly codified as section 1170, subdivision (d), is one such exception to the general rule.

"Before 2022, section 1170, subdivision (d), allowed a court to recall a sentence and resentence the defendant at any time upon a request from the Secretary of California's Department of Corrections and Rehabilitation

4

[CDCR] or certain other government officials. [Citation.] The request served as an invitation to the court to exercise equitable jurisdiction, and section 1170, subdivision (d), furnished that jurisdiction. [Citation.] The court had 'broad discretion' in deciding whether to resentence. [Citation.] A trial court, however, could recall the sentence on its own motion only within 120 days of the defendant's commitment." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 694 (*Faustinos*).)

"Effective January 1, 2022, the Legislature amended the resentencing provision and placed it in section 1172.1. The amendments were intended to clarify 'procedural requirements' and created a presumption in favor of resentencing once a request was filed. [Citations.] Procedural clarifications included requirements that the trial court state on the record the reasons for granting or denying resentencing, and that the court hold a hearing before any denial." (*Faustinos, supra*, 109 Cal.App.5th at p. 694, fn. omitted.)

"Effective January 1, 2024, the Legislature amended section 1172.1 to expand the court's ability to recall and resentence a defendant on its own motion. [Citation.] Now, a court still may recall a sentence on its own motion within 120 days of commitment for any reason 'rationally related to lawful sentencing.' [Citation.] But it also may recall the sentence on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' (§ 1172.1, subd. (a)(1).) This recall-and-resentencing 'may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case.' " (*Faustinos, supra*, 109 Cal.App.5th at pp. 694–695.)

Thus, section 1172.1, in its present form, permits a court to recall a defendant's sentence and resentence the defendant "on its own motion,

within 120 days of the date of commitment or at any time if the applicable sentencing laws" have changed since the date of the defendant's initial sentencing, or "at any time upon the recommendation" of the Secretary of the CDCR or other designated government officials. (§ 1172.1, subd. (a)(1).) However, subdivision (c) of section 1172.1 denies defendants the right to file their own recall-and-resentencing requests. Subdivision (c) provides, "A defendant is not entitled to file a petition seeking relief from the court under [section 1172.1]. If a defendant requests consideration for relief under [section 1172.1], the court is not required to respond." (*Id.*, subd. (c).)

Section 1172.1 "assumes that at least some trial court orders applying its provisions will be appealable. Subdivision (d) of that section requires that, '[a]fter ruling on a referral authorized by this section, the court shall advise the defendant of their right to appeal and the necessary steps and time for taking an appeal.' However, neither that subdivision nor any other portion of section 1172.1 explicitly establishes a right to appeal." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).)

B. *Principles of Appealability*

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1237 governs appeals by criminal defendants. Relevant here, section 1237, subdivision (b), states that an appeal may be taken by a criminal defendant "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

There is no dispute between the parties that the trial court's order denying Peterson's request for a recall of his sentence and resentencing is an "order," and it was issued "after judgment." (§ 1237, subd. (b).) Thus, the

6

question of whether the denial order is appealable turns on whether the order "affected the substantial rights" of Peterson.  (*Ibid.*)

If the order is not appealable, we lack appellate jurisdiction and must dismiss the appeal.  (See *Pacific Fertility Cases* (2022) 78 Cal.App.5th 568, 576 ["If jurisdiction is lacking, we 'must dismiss.' "]; *Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645 ["An appealable judgment or order is essential to appellate jurisdiction, and the court, on its own motion, must dismiss an appeal from a nonappealable order."].)

C. *The Denial Order Is Not Appealable*

We turn now to the question of whether an order denying a criminal defendant's unauthorized and self-initiated request for relief under section 1172.1 affects the substantial rights of the defendant for purposes of section 1237, subdivision (b).  In resolving this question, we do not write on a blank slate.  In *Hodge, supra*, 107 Cal.App.5th 985, our colleagues in the Second District Court of Appeal, Division 2, answered this question in the negative, concluding that such an order does not affect the substantial rights of the defendant.  We agree with, and adopt, the *Hodge* court's analysis.

As the *Hodge* court explained, "section 1172.1, subdivision (c) contains two sentences addressing a defendant's request for resentencing under the statute.  The first denies defendants the right to file a petition seeking resentencing; the second excuses the court from any requirement to respond to such a request if made."  (*Hodge, supra*, 107 Cal.App.5th at p. 995.)

The first sentence of section 1172.1, subdivision (c), which "deprives a defendant of standing to file any petition for relief[,] … is not itself a reason to conclude that an order denying resentencing is nonappealable.  [¶] ... [¶] In contrast, the second sentence of section 1172.1, subdivision (c) does undermine any claim that defendants have a substantial right at stake when

7

they file an unauthorized request for resentencing. That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one."[3] (*Hodge, supra*, 107 Cal.App.5th at pp. 995–996.)

The *Hodge* court observed that "[a] contrary holding would result in an unprincipled and arbitrary rule governing the appealability of trial court

---

[3] This feature of section 1172.1—its provision that a court does not have a duty to respond to a defendant's request—differentiates section 1172.1 from the compassionate release provisions at issue in *People v. Loper* (2015) 60 Cal.4th 1155 (*Loper*) (former section 1170, subdivision (e), now section 1172.2).

*Loper* concerned the appealability of an order denying compassionate release to a prisoner. Under the compassionate release scheme applicable at that time, the CDCR Secretary or the Board of Parole Hearings could recommend a court recall the sentence of a terminally ill or medically incapacitated prisoner and resentence the prisoner—a recommendation the court was obligated to adjudicate. (Former § 1170, subd. (e)(1)–(3).) The *Loper* court held that an order denying such a recommendation was appealable under section 1237, subdivision (b), even though the statute did not "authorize[] a prisoner (or his family) to initiate a proceeding in the trial court for compassionate release independently of prison or parole authorities." (*Loper, supra*, 60 Cal.4th at pp. 1159, 1161.)

The present case is distinguishable from *Loper*. In *Loper*, the Secretary of the CDCR invoked the jurisdiction of the court by filing a recommendation for the prisoner's release and the court was obligated to adjudicate the Secretary's request. By contrast, no party or entity with authority to initiate or recommend a recall and resentencing ever did so here, and the trial court had no duty to respond to Peterson's request for relief. (§ 1172.1, subd. (c).)

decisions on defendants' requests for relief under section 1172.1. As discussed, a trial court is not required to issue any order in response to a defendant's request for resentencing. If a trial court does nothing—in effect denying a defendant's request through silence—there will be no order for a defendant to appeal. However, if any order denying a defendant's request for resentencing under section 1172.1 is appealable, a trial court order simply informing a defendant that it intends to do nothing (such as the trial court issued here) would create a right to appeal. It seems unlikely that the Legislature intended such an irrational and arbitrary result." (*Hodge, supra*, 107 Cal.App.5th at p. 996.) We share the *Hodge* court's skepticism.

The *Hodge* court also invoked section 1172.1, subdivision (d), to bolster its conclusion that an order denying a defendant's recall-and-resentencing request is nonappealable. (*Hodge, supra*, 107 Cal.App.5th at p. 999.) Subdivision (d) "describes the trial court's obligation to advise the defendant 'of their right to appeal and the necessary steps and time for taking an appeal.' (§ 1172.1, subd. (d).) But a trial court has such an obligation only '[a]fter ruling on a referral *authorized by this section*.' [Citation.] Under subdivision (c), a defendant is 'not entitled to file a petition seeking relief from the court under this section.' (§ 1172.1, subd. (c).) A defendant's request for resentencing is therefore clearly not 'authorized by this section.' " (*Hodge*, at p. 999.) In the view of the *Hodge* court, and in our view, "[t]he absence of any obligation by the trial court to advise the defendant of a right to appeal the denial of the defendant's unauthorized request for resentencing strongly suggests that the Legislature did not intend to create such a right." (*Ibid.*)

Since *Hodge*, the appellate courts have uniformly adopted its reasoning and central holding. (*Faustinos, supra*, 109 Cal.App.5th at p. 693 ["we agree

9

with the conclusion in *People v. Hodge* (2024) 107 Cal.App.5th 985 … and hold that an order declining to act on a defendant's unauthorized section 1172.1 petition is non-appealable"]; *People v. Roy* (2025) 110 Cal.App.5th 991, 994 [adopting the rationale of *Hodge* and concluding "a trial court order denying or dismissing a defendant-initiated request under section 1172.1 is not appealable"]; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047 ["We agree with *Hodge*'s reasoning and conclude a trial court's decision not to act on a defendant's section 1172.1 request for recall and resentencing does not affect his or her substantial rights and is therefore not appealable"].)[4] Further, one of those courts has determined that the denial of a defendant's recall-and-resentencing request is not appealable even where, as here, the trial court denies the request based on its allegedly mistaken belief that it does not have jurisdiction to grant the request. (*Faustinos*, at p. 698 ["even assuming the trial court erroneously stated … that it lacks authority to act on its own motion, we do not think that would convert a non-appealable order to an appealable one"]; see also *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985 ["appealability depends upon the nature of the decision made, not the court's justification for its ruling"].)

We agree with the reasoning and holding of the *Hodge* court, as well as its progeny. Thus, we conclude a trial court's order denying a defendant's unauthorized request for a recall and resentencing under section 1172.1 is

---

4      The Fifth District Court of Appeal issued a contrary opinion in *People v. Chatman* (2025) 108 Cal.App.5th 650, determining that an order denying a defendant's request for a recall and resentencing under section 1172.1 is appealable. However, the court granted rehearing in *Chatman*, vacated its opinion, and thereafter adopted the *Hodge* court's position in *People v. Chatman* (Apr. 21, 2025, No. F087868) [nonpub. opn.].

not appealable under section 1237, subdivision (b), because it is not a postjudgment order affecting the substantial rights of the defendant.

IV

DISPOSITION

The appeal is dismissed.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

RUBIN, J.

11