Filed 3/20/26  Lencioni v. Cutrer CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| VINCENT LENCIONI et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>EMILY CUTRER et al.,<br><br>        Defendants and Respondents. | A173829<br><br><br>(Sonoma County Super. Ct. No. 25CV01328) |

The interim president of Sonoma State University announced, in January 2025, that the University would be discontinuing 23 academic programs and eliminating its National Collegiate Athletic Association (NCAA) Division II athletics program at the end of the 2024-2025 academic year.  Seven student-athletes—who were then enrolled at the University—filed a petition for writ of mandate (Code Civ. Proc., § 1085) and six other causes of action that sought primarily to stop the University from going through with its plans.[1]  After expedited consideration of the merits of Lencioni's mandamus cause of

---

[1] Undesignated statutory references are to the Code of Civil Procedure.  Plaintiffs are Vincent Lencioni, Janae Schwan, Wyievee Binda, Joseph Sotelo, Mason Hanshaw, Abbey Healy, and Jose Rios (collectively, Lencioni).  Defendants are Sonoma State University, the University's interim president, Emily Cutrer, the Chancellor of the California State University (CSU), Mildred Garcia, and the California State University Board of Trustees (collectively, defendants).

1

action, the trial court denied the petition for writ of mandate in its entirety on the merits. It also dissolved a previously issued temporary restraining order and denied Lencioni's request for a preliminary injunction with respect to the remaining (non-writ) causes of action.

Lencioni appeals, contending the challenged order is appealable under section 904.1, subdivision (a)(6). We disagree and conclude that, with respect to most of the arguments, there is no statutory basis for an appeal, as there is no final judgment in the case, and we therefore lack jurisdiction. Furthermore, with respect to the part of the order that is directly appealable, the parties agree that the order has become moot. Accordingly, we dismiss the appeal.

## BACKGROUND

On January 22, 2025, Cutrer, acting in her role as the University's interim president, sent an email to the entire University community that stated the University had an estimated budget deficit of $23.9 million for the 2025-2026 fiscal year. Cutrer's email identified several actions she was taking to balance the budget: (1) eliminating the entire University's NCAA Division II athletic program; and (2) identifying 23 academic programs for discontinuation at the end of the academic year.

A little more than a month later, Lencioni filed a civil complaint and petition for writ of mandate, which alleges the following causes of action: (1) fraud/intentional misrepresentation; (2) fraudulent concealment; (3) fraudulent inducement; (4) negligent misrepresentation; (5) promissory estoppel; (6) negligent infliction of emotional distress; and (7) traditional writ of mandate (§ 1085). The first through sixth causes of action all involve the athletics program and are based on Lencioni's allegation that, despite defendants knowing in advance that the University's NCAA program would be eliminated, that fact was concealed and each plaintiff was

2

promised they could play their sport at the University until their eligibility was exhausted.

In the seventh cause of action, Lencioni seeks mandamus relief on two bases: (a) defendants failed to comply with a ministerial duty to follow various University procedures before making the decision to discontinue academic programs; and (b) the decision to eliminate athletics was arbitrary, capricious, and not supported by substantial evidence. In the prayer for relief, Lencioni asked for a writ/entry of judgment that, among other things, declared Cutrer's January 22, 2025 decision unlawful and void, enjoined defendants from discontinuing athletics and academic programs, and ordered the University to maintain its athletics program until each plaintiff graduated, left the University, or lost eligibility.

Not long after filing their complaint, Lencioni sought expedited consideration of the mandamus cause of action, by asking the court to issue a writ of mandate. A hearing was originally set for June 20, 2025, but was later moved up to May 1, 2025. In the interim, after a hearing in April 2025, the trial court granted in part and denied in part Lencioni's ex parte request for a temporary restraining order.

Although Lencioni argued they should receive the requested relief—a temporary restraining order pausing the January 2025 decision and enjoining defendants from further implementation of the plans to eliminate both athletics and academics programs—because they were likely to succeed on *all* of their claims (writ and non-writ causes of action), the trial court only granted the temporary restraining order with respect to the academic claims raised in Lencioni's petition for writ of mandate. The temporary restraining order provides: "Defendants . . . are restrained and enjoined, pending hearing on [the order to show cause re preliminary injunction] from taking any further action to implement or effectuate the January 22, 2025 Decision . . . with

3

respect to the discontinuation [and] evaluation of academic programs." The order exempted actions taken to comply with the discontinuation policy. The request for a temporary restraining order was otherwise denied because Lencioni failed to make the necessary showing. Neither party appealed from that order.

The trial court also issued an order to show cause why a preliminary injunction should not be granted and set the hearing for May 1, 2025—the same day as the hearing on the merits of the mandamus cause of action. After hearing both (the merits of the seventh cause of action and the order to show cause regarding a preliminary injunction), the trial court denied Lencioni's petition for writ of mandate in its entirety (both academic and athletic claims) on the merits. It also denied the request for a preliminary injunction "in its entirety" and dissolved the previously issued temporary restraining order—which had previously enjoined discontinuation of only academic programs.

The trial court's written order, dated May 9, 2025, begins by addressing only the merits of the writ of mandate claims. It does not say anything substantive regarding injunctive relief with respect to those claims. With respect to the academics-focused writ of mandate claim, the trial court merely states, after recounting its ruling on the merits, that "the temporary restraining order is dis[s]olved."

With respect to the first through sixth causes of action (non-writ), the court made clear that it was considering a preliminary injunction "to preserve the status quo pending adjudication," and stated: "Considering this [c]ourt's ruling on the writ of mandate cause of action, the request for preliminary injunction *pertains only to the non-writ causes of action*." (Italics added.) The May 9 order concludes that there is no reasonable likelihood Lencioni would prevail on the first through fourth and sixth causes of action because they were barred by the government's tort claim immunity (Gov. Code, §§ 815, 818.8,

4

820.2). With respect to the fifth cause of action (promissory estoppel), the trial court determined Lencioni had no reasonable likelihood of success because there was no evidence defendants ever clearly promised any plaintiff that, no matter the circumstances, the athletics teams would remain in existence for the entire period of the plaintiffs' athletics eligibility.

Although the non-writ causes of action remained pending before the trial court, Lencioni filed a notice of appeal from the May 9 order, citing section 904.1, subdivision (a)(6) as the basis for appealability.

## DISCUSSION

Lencioni contends the trial court erred by (1) denying the petition for writ of mandate, with respect to the academic programs, because defendants did not substantially comply with governing academic discontinuation policies; (2) denying the petition for writ of mandate, with respect to the athletics program, because substantial evidence does not support the defendants' budgetary justification; (3) denying preliminary injunctive relief with respect to Lencioni's non-writ causes of action.

After Lencioni's opening brief on appeal was filed, but before briefing was complete, defendants filed a motion to dismiss, arguing that the entire appeal had been rendered moot and that we cannot reach the first two arguments Lencioni raised on appeal because the corresponding portions of the challenged order are not directly appealable. We deferred ruling on the motion until our review of the merits, but we now grant it and dismiss the appeal.[2]

---

[2] In support of their opposition to the motion to dismiss, Lencioni filed a request for judicial notice asking us to notice six purportedly undisputed facts: (1) that the state's 2025-2026 budget, signed into law on June 27, 2025, did not include the

## A.

Defendants argue that the trial court's May 9 order is only partially appealable—to the extent it denied Lencioni's request for a preliminary injunction and dissolved the temporary restraining order. They contend that Lencioni cannot appeal from the parts of the order denying a petition for writ of mandate on the merits because this constitutes an *interlocutory* judgment, given that the non-writ causes of action remain pending before the trial court. We agree that, absent a final judgment, we lack jurisdiction to review the trial court's rulings on the merits of the mandamus claims.

---

proposed 7.95 percent reduction to CSU's budget and provided an additional $45 million for the University; (2) that CSU provided an additional $45 million in one-time funding to the University; (3) the Legislature required the University to use $8 million out of the $45 million to support its athletics program; (4) three legislative forums have been held at the University after the January 22 decision; (5) after the January 22 decision, the majority of the University's student-athletes left before the Fall 2025 semester; and (6) the University discontinued its football program, in 1972, but then reinstated it in 1980. We deferred ruling on this unopposed request and now deny the request with respect to the first three purported facts, as well as the fifth fact. Lencioni argues these facts are relevant to the merits of the trial court's ruling on the petition for writ of mandate, which we lack jurisdiction to review. We grant the unopposed request for judicial notice of the fourth and sixth facts. (Evid. Code, §§ 452, subds. (c), (g)-(h), 459, subd. (a).)

Defendants also filed a request for judicial notice, in support of their opposition to Lencioni's motion to grant calendar preference. We deferred ruling on that request but now deny it. Having already denied the motion for calendar preference, we conclude the request for judicial notice is moot and irrelevant.

**1.**

"The existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) And "[a] single order or judgment can be in part appealable and in part nonappealable." (See *Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 113.)

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 (*Dana Point*).) Section 904.1 "lists appealable judgments and orders." (*Ibid.*) First and foremost, section 904.1 codifies the one final judgment rule by stating that an appeal may be taken "[f]rom a judgment, *except* an interlocutory judgment." (§ 904.1, subd. (a)(1), italics added; *Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125, 1138.) The general test of finality is whether there is no issue left for future consideration except the fact of compliance or noncompliance with the terms of a judgment (or determination of rights). " ' "[W]here anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' " (*Dana Point*, at p. 5.) Thus, "an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 (*Morehart*).)

However, in its remaining subdivisions, section 904.1 lists specific orders that are appealable and stand as exceptions to the one final judgment rule. (§ 904.1, subds. (a)(2)-(14).) One such exception is found under section 904.1, subdivision (a)(6), which allows an appeal "[f]rom an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction."

**2.**

Here, although the May 9 order constitutes a judgment to the extent it determined the rights of the parties with respect to the merits of the mandamus cause of action (§ 577; *Dana Point, supra,* 51 Cal.4th at p. 5), that judgment is not final because Lencioni's non-writ causes of action remain unresolved and awaiting judgment. Thus, that portion of the order is not yet appealable, pursuant to section 904.1, subdivision (a)(1), as a final judgment.

Contrary to Lencioni's assertion, it makes no difference that a petition for writ of mandate is involved or that the trial court bifurcated its resolution. Instead, "absent unusual circumstances, the denial of a petition for writ of mandate is not appealable if other causes of action remain pending between the parties." (*Nerhan v. Stinson Beach County Water Dist.* (1994) 27 Cal.App.4th 536, 540 ; see *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696-697 ["[t]here is no statute that makes an order denying a writ of administrative mandate petition separately appealable when . . . the petition has been joined with other causes of action that remain unresolved"]; *Morehart, supra,* 7 Cal.4th at p. 743 ["an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining"].) This Supreme Court authority implicitly disapproved the earlier decisions, including *Guntert v. City of Stockton* (1974) 43 Cal.App.3d 203, 207-209, to which Lencioni makes passing reference. (See, e.g., *Stonewall Ins. Co. v. City of Palos Verdes Estates* (1996) 46 Cal.App.4th 1810, 1829-1830, disapproved on other grounds by *Truck Ins. Exchange v. Kaiser Cement & Gypsum Corp.* (2024) 16 Cal.5th 67, 99.)

Lencioni also insists that the entirety of the challenged order is appealable under section 904.1, subdivision (a)(6), because the order denied plaintiffs' request for a preliminary injunction with respect to all causes of action and dissolved the temporary restraining order (previously issued in connection with the academic writ of mandate claim). Lencioni misses the point. First, the trial court made clear that it was only considering a preliminary injunction to "preserve the status quo pending adjudication" with respect to the *non-writ* causes of action. Second, even if we accept (for the purposes of argument) that the trial court's May 9 order effectively denied preliminary injunctive relief with respect to all causes of action, it does not change the fact that—with regard to the writ of mandate cause of action— the only arguments Lencioni raises on appeal go to its merits.

Lencioni's request for provisional injunctive relief sought "to enjoin Defendants from any further implementation of the [January 22, 2025] Decision *until Plaintiffs can be heard on the merits*." (Italics added.) But, because it decided the merits of the writ of mandate claims, the trial court was no longer considering maintenance of the status quo. Instead, the trial court considered and denied the cause of action on its merits. Accordingly, on appeal, Lencioni insists we should "reverse the trial court's denial of the writ of mandate" because (1) the University failed to comply with its ministerial duty to comply with academic discontinuation rules and policies, and (2) because substantial evidence does not support the amount purportedly saved due to elimination of the athletics program. Thus, as Lencioni finally conceded at oral argument, their challenge is to the trial court's implicit denial of *permanent* injunctive relief with respect to the writ of mandate claims. With respect to those claims, any request for pendente lite relief became moot once the merits of the cause of action were decided. (See *Mailhes v. Investors Syndicate* (1934) 220 Cal. 735, 737; *MaJor v. Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618, 623.)

9

Despite the statute's broad language, the exception to the one final judgment rule found in section 904.1, subdivision (a)(6), applies exclusively to orders granting, dissolving, or refusing to grant *provisional* injunctive relief. An order refusing to grant a permanent injunction is not appealable unless and until there is a final judgment. (*Bishop Creek Lodge v. Scira* (2000) 82 Cal.App.4th 631, 633; *Art Movers, Inc. v. Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645-651 [considering predecessor statute with same language]; *McCarty v. Macy & Co.* (1957) 153 Cal.App.2d 837, 839-841 [same]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2025) ¶¶ 2:128.1, 2:129, pp. 83-84; but see *Daugherty v. City and County of San Francisco* (2018) 24 Cal.App.5th 928, 943-944 [assuming, despite contrary authority, that *grant* of permanent injunction is immediately appealable under § 904.1, subd. (a)(6), and, alternatively, opting to treat appeal as petition for writ of mandate].)

Accordingly, we lack jurisdiction to consider the first and second arguments in Lencioni's opening brief. (See *Art Movers, supra*, 3 Cal.App.4th at p. 645 ["[a]n appealable judgment or order is essential to appellate jurisdiction, and the court, on its own motion, must dismiss an appeal from a nonappealable order"].) Review of those points must await a final judgment. (*Id.* at p. 646.)

Lencioni suggests, in passing, that we should nonetheless review the unappealable portions of the order by treating the appeal as a petition for extraordinary writ. But the conclusory argument does not meet Lencioni's burden to show extraordinary relief is appropriate. (See *Morehart, supra*, 7 Cal.4th at pp. 745-747 [appeal from nonappealable order or judgment may be considered petition for extraordinary writ if the briefs and record contain all the elements required for an original mandate proceeding and extraordinary circumstances justify exercising such discretion].)

10

**B.**

The trial court's denial of preliminary injunctive relief with respect to the non-writ causes of action is the only part of the challenged order that is undisputedly appealable under section 904.1, subdivision (a)(6). However, the parties now concede that this portion of the appeal has become moot because, while this appeal has been pending, the trial court sustained defendants' demurrer to the non-writ causes of action and Lencioni elected not to file an amended complaint. We agree and dismiss the entire appeal. (See *MaJor v. Miraverde Homeowners Assn.*, *supra*, 7 Cal.App.4th at p. 623 ["the trial court having sustained a demurrer without leave to amend to the only cause of action which might have supported a preliminary injunction in favor of [the plaintiff], her appeal from the denial of a preliminary injunction is moot"]; *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574 ["[w]hen events render a case moot, the court . . . should generally dismiss it"].)

**DISPOSITION**

The appeal is dismissed. Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

BURNS, J.

WE CONCUR:


JACKSON, P. J.
CHOU, J.

*Lencioni et al v. Cutrer et al.* (A173829)

11